Francis Voris *et al.*, Pltffs in Error, *v.* Joseph J. Thomas, Deft in Error.

### ERROR TO PEORIA.

A party claiming title to land, listed for taxation in his name, does not acquire any greater interest, by purchasing it at a sale for taxes. Nor does a mortgagor defeat the lien of a mortgage he has executed, by a like purchase.

Nor can a party avail himself of a title thus acquired by a third person through his default.

This was an action of ejectment commenced by Voris and another, in the Peoria Circuit Court, to recover possession of lot seven, in block twenty-eight, in the city of Peoria. The pleadings are in the usual form. At March term, 1850, Kellogg, Judge, presiding, the cause was tried by a jury, which found the defendant, Thomas, not guilty of the trespass or ejectment laid to his charge. The proof set out in the bill of exceptions, shows, that Thomas left Peoria in 1839, and was absent two years; that after his return, he went into possession of the lot in question, and has resided thereon ever since. That Thomas, two or three years after his return, said that he got the lot through the management of George C. Bestor, and that he occupied the same under Bestor. A bond from Voris to Thomas, for the sale of the same lot, dated 18th November, 1837, for the consideration of $750 00, was also read to the jury. The lot was sold in May, 1840, for the taxes of 1839, and purchased by Laurason Riggs, who conveyed to Bestor on the 28th of April, 1843.

Plaintiffs also proved that while Thomas was absent in 1840, J. C. Heyl was called upon by Bestor to appraise some furniture for Thomas, to be paid to Voris, on the purchase of the lot, but that no appraisement or payment was made. That Bestor was the brother-in-law of Thomas, and that Bestor was supposed to be acting as the agent of Thomas.

Evidence of preliminary proceedings of assessment of lot, judgment, precept, &c., and tax deed, were read to the jury. The Circuit Court refused to allow the plaintiff to read from the book of listed lands, an entry showing that the lot in question was assessed for the year 1839, to the name of Thomas.

H. O. MERRIMAN and R. S. BLACKWELL, for Pltffs in Error.

The defendant having entered under a contract of purchase from the plaintiff, is estopped from setting up the tax title. 3 Peters, 43; 4 J. J. Marshall, 396; 7 *ibid.,* 147; Act of 1839, §15.

N. H. PURPLE, for Deft in Error.

TRUMBULL, J. Ejectment for a lot of ground in the city of Peoria. The plaintiff gave in evidence a connected title to the premises in question from the government to himself, and the

defendant admitted that he was in possession at the commencement of the suit.

The defendant set up an outstanding tax title in one George C. Bestor, which defeated a recovery by the plaintiff in the Court below. Numerous exceptions were taken to the tax title on the argument, none of which, it is necessary to notice in the view we take of the case, as, be the tax title ever so good, the defendant was not in a position to set it up against the plaintiff.

The record shows that in eighteen hundred and thirty-seven, the defendant entered upon the lot in question under a contract of purchase from the plaintiff, and occupied the same till some time in eighteen hundred and thirty-nine, when he left and was absent about two years. From June, 1841, to May, 1842, the premises were occupied by one Nourse, under Bestor, who is the brother-in-law of the defendant, and who, during his absence in 1840, called upon a witness to appraise some property belonging to defendant, to be paid to the plaintiff on the purchase of the lot, and the witness supposed Bestor at the time to be agent of the defendant. The lot was sold in 1840, for the taxes of 1839, and purchased at the tax sale by one Riggs, who, in June, 1842, procured a collector's deed for the same, and in April, 1843, conveyed to Bestor. It was also proven upon the trial, that the defendant had stated, that he got the lot through the management of Bestor. The Court refused to give the jury the following instruction asked by plaintiff, to wit: "That if the defendant went into the lot in question under the bond given in evidence, and by himself, or agents, or tenants, was in such possession at the time of the levy and sale of the lot for the taxes of 1839, the defendant is estopped from setting up the tax title given in evidence as a defence to this suit, and the jury will disregard that title."

It has been decided by this Court, that a party who claims title to land which is listed for taxation in his name, acquires no greater interest by permitting it to be sold for taxes, and purchasing it himself; also that a mortgagor cannot defeat the lien of the mortgage he has executed, by purchasing the land at a sale for taxes. Choteau *v.* Jones, 11 Illinois, 322; Frye *v.* Bank of Illinois, *ibid.,* 383. The same principles apply to this case. The defendant acquired the possession under an agreeement to purchase, and sustains towards the plaintiff the relation of a *quasi*

tenant. While thus in possession, as shown by the record offered in evidence by the plaintiff, and improperly excluded by the Court, the lot was assessed to him for the taxes of 1839. He failed to pay the taxes, and as is insisted, abandoned the premises, but there is no evidence that he surrendered the possession to the plaintiff; on the contrary, it is apparent from the record that he still retained control over them through his brother-in-law, Bestor, who was taking steps, in 1840, to have certain property, left by defendant, applied on account of the purchase of the lot. The fact that Nourse occupied the premises from 1841 to 1842 under Bestor, does not prove that Bestor was not at that time the agent of the defendant. The presumption is that he was, for he then had no pretence of title to the lot, or right to control it, except as derived from the defendant. The tax title did not mature till some time in 1842, and Bestor did not acquire it from Riggs till 1843. What possible claim had Bestor to the land in 1841, when he rented to Nourse? None surely, except as the agent of his brother-in-law, for whom he was assuming to act, so far at least as to take steps towards completing the payment to the plaintiff.

The attempt to show that Bestor was claiming the lot in his own right in 1840 and 1841, was a total failure. The defendant obtained the possession from the plaintiff, admitted that he was in possession at the time this action was commenced, and so far as the record shows, and as between these parties, he is to be presumed as having had the possession from the time he first took it till this suit was brought. In this view of the case he is not to be permitted to set up the outstanding tax title against him from whom he obtained the possession.

The instruction which the Court refused to give, is based upon the supposition, that sooner than let the land be sold for taxes, it was the duty of the party having possession, at the time of the assessment and sale, under a contract of purchase, to pay such taxes, and we think should have been given.

A party under such circumstances has an equitable title to the land, and when it is assessed in his name, the taxes may be collected from him. If he suffers the land to go to sale for the taxes, it is clear that by purchasing it in himself he cannot defeat his vendor's title, and if he cannot avail himself of a title thus

acquired in his own name, no more should he be permitted to do so of a title acquired by a third person through his default.

Judgment reversed and the cause remanded.

*Judgment reversed.*