[No. 3633.]

## SCOTT v. RAMSEIER.

1. COLOR OF TITLE—*Void Deed,* may be.
2. EVIDENCE—*Admissions in Pleading—Estoppel.* Ejectment. Defendant pleaded title under a tax deed recorded in 1899, and continued possession thereafter. He also pleaded a tax deed acquired under a tax sale made in 1903, for the tax of 1902, and, the latter deed being unassailable, defendant prevailed thereon. On appeal, plaintiff contended that defendant, being, by his own admissions, in possession when the tax of 1902 accrued, was under duty to pay it, and his purchase at the tax sale, so occasioned by his own wrong, must be construed as a payment of the tax. But the tax deed first pleaded by the defendant had been excluded by the court, upon plaintiff's objection, defendant's possession thereafter was denied, and there was no evidence of such possession. *Held* that plaintiff was not to be heard to set up, as the foundation of the estoppel asserted, defendant's allegations of a title which he had himself excluded.

3. Tax Title—*Duty of One in Possession of Lands to Pay the Taxes Assessed Thereon.* One in possession of lands under a void deed is not estopped to acquire title thereto, under a sale made for the non-payment of a tax assessed while he is so in possession.

*Appeal from Yuma District Court.* Hon. H. P. Burke, Judge.

Mr. R. H. Gilmore, for appellant.

Messrs. Allen & Webster, for appellee.

Hurlbut, J., rendered the opinion of the court.

Possessory action, under the code, instituted February 10, 1906. Complaint is in usual form, to which defendant (appellee) filed answer containing four defenses: First, general denial; second, pleading title in defendant under tax deed recorded February 15, 1899; third, pleading same title as in second defense, also that defendant and his grantors have held possession of the land at all times since recording the deed, and the five years statute of limitations; fourth, pleading title in defendant by virtue of a tax deed recorded December 27, 1906, which deed was founded upon public sale of the premises by the treasurer of the county December 7, 1903, for the delinquent taxes of 1902. Issue upon all new matter pleaded in the answer was formed by plaintiff's replication. The case was tried to the court without a jury, which found in favor of defendant and rendered judgment accordingly.

At the trial plaintiff showed a connected title to the premises from the government to himself. Defendant's effort to prove title under the second and third defenses failed, because the tax deed therein pleaded was void on its face, and was excluded from evidence.

The judgment appealed from rests upon the tax deed pleaded in the fourth defense. When this deed was offered in evidence plaintiff objected on the ground that

the answer having pleaded defendant and his grantors to have been in possession of the premises ever since the recording of the tax deed (February 15, 1899), it became defendant's duty to pay the delinquent taxes of 1902; that under such circumstances, defendant could not let the premises go to sale for delinquent taxes, become the purchaser, and claim title by virtue of a tax deed founded thereon; and that the tax deed of 1906 secured by him in this manner should only be construed as payment of taxes, and not as a purchaser of title. His objection was overruled by the court. This is the only point necessary to consider in this case, as its determination disposes of the appeal.

Appellant's theory is clearly stated and vigorously maintained, which is that, appellee having pleaded title to, and possession of, the land, under the tax deed recorded February 15, 1899 (void on its face), and having paid all taxes assessed thereon *up to* the year 1902, could not default in the payment of taxes for the year 1902, let the premises go to tax sale, purchase the same at the sale, and acquire any title thereby, but that such purchase would be deemed in law a payment of the taxes only.

Before proceeding to a consideration of the legal questions presented, it is essential to outline, as briefly as possible, the pleadings and facts as they appear from the record.

The third defense, as noted, pleads that defendant and his grantors "have had and held possession" of the land since the execution and recording of the tax deed referred to in the second defense. The replication denied these allegations. There is no evidence upon this issue, so that physical possession on the part of either plaintiff or defendant is not shown to have existed at any time. Constructive possession, however, is presumed to be in appellee by virtue of his established title from the government. Defendant's claim of constructive possession.

through his two tax deeds, cannot be sustained. One was void on its face, and the other is not shown to have been followed by actual entry.—*Morris & Thombs v. St. Louis Bank,* 17 Colo., 231, 29 Pac., 802; *Mitchell v. Titus,* 33 Colo., 385, 80 Pac., 1042.

Defendant pleaded in his answer that he had paid taxes on the property to the amount of $100, and although this was denied in the replication, still, at the trial it was stipulated between the parties that the amount of taxes should be agreed upon between them. From this it is fair to presume that defendant and his grantors paid, probably, all the taxes upon the property from the year 1894 up to the year 1902. The first tax deed recorded, February 15, 1899, being void on its face, fixed no title in defendant or his grantors, but the same was color of title under which the taxes might be paid by defendant and his grantors. From the record, therefore, we find this situation: Plaintiff at all times held the legal title to, and was in constructive possession of, the premises, unless such title was nullified by defendant's tax deed, issued and recorded December 27, 1906.

Defendant offered in evidence in support of his second and third causes of action the tax deed of February 10, 1899, from the county to A. T. Lambert, which was based upon a tax sale of 1894. This deed was properly excluded from evidence, on objection, as being void on its face. Defendant then offered to prove title in himself through mesne conveyances from Lambert, but the court refused this proof, on objection by plaintiff, to which ruling defendant excepted. No cross-errors are assigned.

From the briefs it would appear that counsel for both parties are somewhat confused over this record. Both seem to think that the record fails to show the court permitted defendant to amend his answer to show who was the real purchaser at the tax sale of December,

1903. The transcript, however, shows the court allowed the amendment, to which exception was reserved. Appellee also discusses at some length the effect of a deed dated October 27, 1905, from Lambert to defendant, as though it was in evidence. Its introduction was refused by the court as above noted, upon plaintiff's objection, but appellee nowhere in his brief complains of the ruling of the court in this behalf, so we may consider him to have waived his right to complain of such ruling. On the other hand, appellant seems to assume in his brief that the tax deed recorded February 15, 1899, was admitted in evidence over his objections, and assigns error on the part of the court in so ruling. The transcript again shows that the court *sustained* plaintiff's objection to the deed, and ruled it out.

We have carefully examined all the authorities cited by counsel on both sides, and find the question raised an interesting one, and of first impression in this jurisdiction. However, as the case is presented here by the record, we find it necessary to decide the point, as the authorities cited refer to a different state of facts than those we are now considering.

Appellant contends that in an action of ejectment, if a defendant is in possession of land under claim of title, colorable or otherwise, and is under legal duty or obligation to pay the taxes assessed against it, he will not be permitted under these circumstances, to default in the payment of taxes, allow it to go to tax sale, become the purchaser himself at the sale, and then acquire title through the tax deed afterwards delivered; further asserting that the rule would not be changed if the purchaser were an agent or a stranger from whom he subsequently purchased the certificate of sale. The rule stated is supported by a multitude of decisions and text writers, though a few can be found inclining to an opposite view. The trouble about applying the rule here is

a want of facts to which the rule is applicable. Appellant assumes an anomalous position. He contends that defendant and his grantor, Lambert, hold title through the tax deed recorded February 15, 1899, and pleads the same, as well as ownership of the premises thereunder at all times *up to* 1902, while the real fact is, that appellant in his replication denied the title so pleaded by appellee, and succeeded at the trial in shutting out from evidence such tax deed, and also other evidence offered by appellee tending to support such title. We are at a loss to understand how appellant can be heard in this court to insist upon the application of the rule, when of his own volition he at the trial stripped his adversary of even a shadow of proof of the tax title he had pleaded. As the record now stands, it conclusively shows that appellee never had any title to the disputed premises by virtue of said tax deed or the deed from Lambert to himself, and that the earliest date he acquired title to the premises was on December 27, 1906, that being the recorded date of the second tax deed to him, which was based upon the sale of December 7, 1903, for the delinquent taxes of 1902. This deed was admitted in evidence, was good on its face, and showed paramount title in appellee. It was not in any way challenged by plaintiff at the trial for defects appearing on its face, nor for defects in the proceedings leading up to its issue. The only objections offered to its introduction were those already alluded to, which we have above held not well taken. It is evident that at the time defendant first acquired title to the premises, on December 27, 1906, he was, and had been, under no duty or obligation to pay any taxes then assessed against it. When this tax deed was offered in evidence, plaintiff's objection to its introduction, on the ground that defendant had pleaded prior title, possession and ownership, and was therefore in duty bound to pay the taxes assessed against the property, etc., could not be

sustained, because, as shown, defendant failed to prove any title, possession or ownership under the tax deed recorded February 15, 1899, or by, through or under, any other deed or conveyance prior to December 27, 1906. It is true defendant did plead title and possession under the tax deed recorded February 15, 1899, and the deed from Lambert to himself, but such plea was denied by plaintiff. Defendant utterly failed to sustain such issue, as we have shown. Plaintiff therefore cannot now be permitted to say that, notwithstanding his successful defeat of defendant's proof of title under this tax deed and conveyance from Lambert, defendant nevertheless *did have* such title and possession, in order that he (plaintiff) may invoke the rule of estoppel under consideration, against him. In other words, he cannot "blow hot and cold" at the same time.

Inasmuch as counsel have displayed great zeal and energy in the research of the law upon the rule mentioned, we append a partial list of the authorities cited by them, for what they may be worth to the profession.—*Whitney et al. v. Gunderson,* 31 Wis., 359; *Dubois et al. v. Campau, et al.,* 24 Mich., 360; *Lacey v. Davis and McFarren,* 4 Mich., 140, 66 Am. Dec., 524; *Bassett and Wife v. Welch,* 22 Wis., 175; *Smith v. Lewis et al.,* 20 Wis., 350; *Douglas v. Dangerfield,* 10 Ohio, 152; *Guynn et al. v. McCauley et al.,* 32 Ark., 97; *Jacks v. Dyer et al.,* 31 Ark., 334; *Cone v. Wood,* 108 Iowa, 260, 79 N. W., 86, 75 Am. St. Rep., 223; *Lybrand v. Haney,* 31 Wis., 230; *Thayer v. Hartman,* 78 Miss., 590, 29 South., 396; *Stubblefield v. Borders,* 92 Ill., 279; *Blackwood v. Van Vleit,* 30 Mich., 118; *Seaver v. Cobb,* 98 Ill., 200; *Oswald v. Wolf,* 129 Ill., 200, 21 N. E., 839; Blackwell on Tax Titles (5th Ed.), vol. 1, sec. 607; Cooley on Taxation (3d Ed.), vol. 2, pages 973-975.

In the above list positive and convincing authority can be found sustaining the proposition that one in possession of land under a void tax deed (which is the case

here) may purchase the property at a tax sale and claim title under a deed subsequently issued in pursuance thereof.

Discovering no error in the record, the judgment will be affirmed.

*Judgment Affirmed.*

KING, J., not participating.