WEARE v. VAN METER ET AL.

1. **Tax Sale: TENANT IN COMMON.**   The purchase at tax sale of land
held in joint-tenancy, by one of the holders, is presumed to have been
made in trust for his co-tenants, until the presumption is repelled by
their refusal to contribute *pro rata* to reimburse him for the money
advanced.

2. ——: ——.   Such purchaser may enforce contribution from. his
co-tenants.

*Appeal from Benton Circuit Court.*

WEDNESDAY, DECEMBER 15.

THIS is an action to partition certain land.   The defendants
set up title to the whole of the land in themselves and deny
that plaintiff has any interest therein.   The court found for
defendants and dismissed plaintiff's petition.   He now appeals
to this court.   The facts of the case are found in the opinion.

*Traer & Burnham* and *G. M. Gilchrist*, for appellant.

A tenant in common does not strengthen his title by allow-
ing taxes upon the common property to become delinquent
and buying it at tax sale.   (Blackw. on Tax Titles, 470; *Cho-
teau v. Jones*, 11 Ill., 322; *Platt v. St. Clair's Heirs*, 6 Ohio,
93; *Chickering v. Faile*, 38 Ill., 346; *Douglass v. Danger-*

*field*, 10 Ohio, 152; *Voris v. Thomas*, 12 Ill., 444; *Moore v. Tilman*, 44 Ill., 370; *Thomas v. Stickle*, 32 Iowa, 71.)

*R. St. Clair* and *J. Van Meter*, for appellee.

No redemption of lands sold for taxes can be enforced after the execution of the tax deed, otherwise than in equity. (Code, § 893.) Partition cannot be ordered unless the legal title is clearly in the parties asking it, and no action therefor can be maintained until the question of title has been settled. ( *Wilkin v. Wilkin*, 1 Johns. Ch., 111; *Clapp v. Brown*, 9 Cow., 530; *Mathewson v. Johnson*, Hoff. Ch., 560; *O'Dougherty v. Aldrich*, 5 Denio, 385; *Burhaus v. Burhaus*, 2 Barb. Ch., 398.)

BECK, J.—The plaintiff claims title to an undivided interest in the land under a sheriff's sale and deed based upon a judgment against the mother of the defendants, who was a tenant in common with plaintiff, and holds title to an undivided two-thirds of the land. Prior to this sale the defendant, Henry Van Meter, became a purchaser of all the lands at a sale for taxes accruing after he acquired an interest in the lands, and received a tax deed upon such sale. He now claims that this tax deed divests plaintiff of all interest in the land.

The question presented for decision in the case is this: May a tenant in common, by acquiring a tax title covering all 1. TAX SALE: the land held by himself and co-tenants, defeat the tenant in common. title of his co-tenants to their undivided interest? We think not, and base our conclusion upon the principles which we proceed to announce.

I. A tenant in common holds a several interest in the lands, which is so far identical with his co-tenants' interest that, in all matters affecting the estate, he will be regarded as acting for them as well as himself. He cannot, therefore, purchase an outstanding adverse title and set it up against his co-tenants, if they are willing to reimburse him, *pro rata*, for the money by him so expended. He will be regarded as holding the title he thus acquires in trust for his co-tenants until the presumption is repelled by their refusal to con-

tribute in payment of his outlays. *Lee et al v. Fox*, 6 Dana, 172; *Venable et al v. Beauchamp*, 3 Dana, 321; *Sneed's Heirs et al v. Atherton*, 6 Dana, 276; *Van Horn v. Fonda*, 5 Johns. Ch., 388; *Flagg v. Mann*, 2 Sumner, 486; *Coleman v. Coleman*, 3 Dana, 398.

II. It is not shown that the plaintiff in this case ever refused to contribute to the expense incurred by defendants in the purchase of the tax title. He could have at any time enforced contribution from them. *Sears v. Sellow*, 28 Iowa, 501.

III. It has been held that the title acquired by a tenant in common under a purchase of the land at a tax sale, is fraudulent and void as against his co-tenants. *Brown v. Hogle et al*, 30 Ill., 119; *Pratt v. St. Clair's Heirs*, 6 Ohio, 93; *Douglass v. Dangerfield*, 10 Ohio, 152; *Chickering et al v. Faile et al*, 38 Ill., 342; *Burbrans et al v. Van Zandt et al*, 3 N. Y., 523; *Moore v. Tilman*, 44 Ill., 367; *Frye v. Bank of Illinois*, 11 Ill., 367.

IV. Under the foregoing principles and authorities defendant must be regarded as the trustee of his co-tenants, holding the tax title for their benefit. The equitable interest held by the co-tenants under the tax title of defendant could properly be ascertained in this partition action; indeed this is the appropriate proceeding for that purpose. When ascertained the land would be partitioned among the various parties as their respective interests, determined by their co-tenancy existing before the acquisition of the tax title, demanded.

The position of defendant's counsel that defendant holds the record or proper title and plaintiff, if he have any rights to the land, must invoke the aid of equity for permission to redeem from the tax sale, is answered by the consideration of the doctrines above announced.

The judgment of the Circuit Court is reversed and the cause is remanded for proceedings in accord with this opinion.

REVERSED.