## FLINN v. McKINLEY.

1. **Tax Sale:** TENANT IN COMMON. A tenant in common cannot acquire a tax title to defeat the interest of his co-tenant, the interest he acquires being held for the benefit of the latter. The rule is the same where one is the assignee of a tax certificate and afterwards becomes a tenant in common, before he receives the tax deed.

*Appeal from Dubuque District Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION to determine adverse claims to an interest in lands. The petition alleges that plaintiff is the owner of an undivided one-half of " the mineral right" in a mineral lot in the city of Dubuque, and the holder of the whole of " the working" interest therein, under an obligation to pay a certain rent, which he has exercised and enjoyed uninterruptedly for twenty years. The petition further shows that defendant sets up some claim to the interest held by plaintiff, and plaintiff asks that his title to the property be established as against the defendant.

The answer of defendant alleges that he is the absolute owner of the whole of the west half of the lot in controversy, including all mineral rights and the working interest therein, and prays that his right may be so established. There was a trial to the court without a jury, and judgment entered for plaintiff. Defendant appeals.

*S. P. Adams*, for appellant.

*E. McCeney* and *John Deery*, for appellee.

BECK, J.—The evidence and admissions of the parties at the trial established the following facts: In 1857, the plaintiff and Baker & Co. were the owners of the lot in controversy, holding the same as tenants in common. In that year they partitioned the property by conveyances, plaintiff thus acquiring the east half and Baker & Co. the other part. The

"mineral right" was not by this arrangement partitioned, but retained as property in common. In September, 1874, Baker & Co. conveyed to defendant all their interest in the west half of the lot. It will be observed that this left plaintiff the owner of an undivided one-half of "the mineral right" in the west half of the lot; all other interests in that part of the lot were held by defendant.

Certain evidence was introduced tending to establish the right of plaintiff, under a custom, to go upon defendant's part of the lot for the purpose of sinking shafts to raise the mineral. This, and evidence upon other points, need not be farther referred to or set out.

Defendant, in order to establish his exclusive ownership of the west half of the lot, offered in evidence an ordinance of the city of Dubuque providing for the levy and collection of taxes, and another providing for the assessment and collection of taxes in the city, and also a tax deed for the west half of the lot, executed March 27, 1875, by the treasurer of the city of Dubuque, upon a city tax sale, made August 29, 1871, for the taxes of the year 1859. This evidence, the ordinance and tax deed, was excluded on the ground "that the several preliminary steps required to be taken before real estate could be sold for taxes had not been proved, and because the city of Dubuque had no authority to sell real estate for taxes, or give a deed therefor." The ruling of the court is the foundation of the only objection presented and discussed in the argument of defendant's counsel. No others demand our attention.

I. Conceding that the evidence excluded ought to have been admitted, we are of the opinion that, had it been admitted and properly weighed, it would not have made out a case entitling defendant to recover. Its exclusion, therefore, was error without prejudice to defendant.

The ordinances, without more, would have availed defendant nothing. The deed, taken in connection with the other evidence, shows facts which defeat the title based thereon.

It will be remarked that, according to the statement of facts we have made, defendant purchased the west half of the

lot in September, 1874. The tax deed shows that this property was sold August 29, 1871, for the taxes of 1859, to William Hintrager, who assigned the certificate of purchase to defendant August 26, 1874. The tax deed was made March 27, 1875. It will be seen that defendant, at the time he acquired the tax title, was a tenant in common with plaintiff of " the mineral right" in the property covered by the deed. We have held that a tenant in common cannot acquire a tax title to defeat the interest of his co-tenant; such a title the law will hold he acquired for the benefit of his co-tenant to the extent of his interest. *Weare v. Van Meter*, 42 Iowa, 128.

The fact that defendant acquired by assignment from the purchaser the tax sale certificate before his purchase of the land from Baker & Co., does not take the case out of the rule just announced. The certificate and its assignment to defendant conveyed to him no title to the land; all he acquired thereby was a right to a deed which would convey the title. He acquired title by the conveyance from Baker & Co., and became thereby the tenant in common of plaintiff. Holding this relation to plaintiff, he could not acquire a title under a tax deed that would defeat the interest of his co-tenant in the land; he, therefore, could not exercise the right he held under the certificate to acquire the deed to the prejudice of his co-tenant. This case is not distinguishable in principle from that just cited.

We conclude that, had the tax deed and ordinances been admitted in evidence, defendant could not have recovered. He suffered, therefore, no prejudice from their exclusion, should it be held that they were admissible. The judgment of the District Court must be

AFFIRMED.