### ˙MARY WALSH *vs.* DEBORAH WILSON.

Bristol. Oct. 28, 1880. — Jan. 8, 1881. AMES & ENDICOTT, JJ., absent.

The holder of a mortgage, in which the wife of the mortgagor did not join, of land in a city, foreclosed the same, and sold the land under the power therein contained, took a deed to himself, and afterwards conveyed the land to another. Before the mortgage was foreclosed, the land was sold for non-payment of taxes and conveyed to the city. The mortgagee, before he conveyed the land, paid to the city the amount due for the taxes, with all interest and expenses of the sale, and took a deed of release and quitclaim from the city. *Held*, that the widow of the mortgagor was not barred of dower in the land.

COLT, J. This is a writ of dower. The tenant claims title to the land under the foreclosure of a mortgage given by the

husband of the demandant to one Wilson. The mortgage contained a release of dower purporting to be executed by the demandant; but the jury found that she did not execute it. The mortgage was foreclosed by Wilson's assignees in bankruptcy, who, under the power of sale, took a deed of the land to themselves, and afterwards conveyed it to the tenant. While Wilson held the mortgage, and before entry for foreclosure, the land was sold by the tax collector of the city of Fall River for the non-payment of taxes, and at the sale the land was conveyed by the collector to the city under the provisions of the St. of 1862, *c.* 183. The assignees of Wilson, before they conveyed to the tenant, paid to the city the amount due for the taxes, with all interest and expenses arising from the sale of the property, and took a deed of release and quitclaim " of all the right, title and interest which the city acquired under and by virtue of the deed of its treasurer and collector of taxes." The deed from the city also contained a recital that the grantees as assignees of Wilson claimed to be entitled to redeem the land, and had paid to the city the amount due for taxes, with ten per cent interest per annum thereupon, and all intervening taxes and charges.

It is contended on the part of the tenant, that, as, under the provisions of section 2 of the St. of 1862, the city acquired by the deed of the tax collector the rights of an individual purchaser at the sale, it thereby acquired the right to assign its title to any one, subject to the taxpayer's right of redemption; and that, under the deed from the city, and the deed of the assignees, she took a title which, after the lapse of two years, became free from the right which " the owner of real estate sold for payment of taxes, or his heirs or assigns," had to redeem, and free also from the demandant's claim of dower. Gen. Sts. *c.* 12, § 36.

But the answer to this is, that, when these taxes were paid to the city by the assignees of Wilson, they were standing in the relation of mortgagees in possession. They had the right to redeem from the tax title, and the deed shows that under that right the land was released by the city. It is settled that, under such circumstances, a mortgagee or his assignees cannot obtain a tax title which will defeat or diminish the mortgagor's right to redeem.

The statute provides that a holder of a mortgage, on taking possession of the mortgaged estate, shall be liable to pay all taxes due thereon, and the expenses of any sale that has been commenced or taken place, to be recovered in an action of contract by the collector; and upon tender by the mortgagee to the purchaser of the amount due for taxes, interest and charges, the latter shall deliver to him a valid deed of assignment of all interest acquired by the tax sale. It is further provided that all sums so paid shall be added to and become part of the principal sum of the mortgage, which shall not be redeemed, without the written consent of the holder, until such sums and interest thereon are paid. Gen. Sts. *c.* 12, §§ 40, 41.

The assignees by the quitclaim deed of the city acquired no additional title to the mortgaged premises. They acquired only the right to add the amount of the taxes to the mortgage debt. That this is so is apparent, moreover, from section 7 of the St. of 1862, by which the power of the city to convey an absolute title is restricted to a sale by public auction after the two years' right of redemption has expired.

The widow's right to dower in the land when redeemed by the mortgagee remains unaffected by the tax sale; and there was no error in the instructions given by the judge, or in the refusal to rule as requested.*          *Exceptions overruled.*

*J. J. Archer*, (*H. A. Clark* with him,) for the tenant.

*A. J. Jennings*, (*J. M. Morton, Jr.*, with him,) for the demandant.

---

* The tenant asked the judge to rule that, even if the demandant did not sign the mortgage, the sale of the land to the city for non-payment of taxes, and the subsequent acquirement of the city's title to the land by the tenant created a title in her favor which barred the demandant of dower; and, if not, then the tax sale created a lien on the land which barred the demandant from maintaining the action.

The judge declined so to rule; and ruled that the tax sale constituted no bar to the action.