ANN COUGHLIN *vs.* BENJAMIN A. GRAY & another.
JEREMIAH COUGHLIN *vs.* DENNIS MAHONEY & another.
SAME *vs.* SAME & others.

Essex.    Nov. 3, 1880. — April 9, 1881.    ENDICOTT & FIELD, JJ., absent.

If, after a mortgage of land in a city is given, the land is sold for a tax assessed to the mortgagor, and is conveyed by the collector of taxes to the city, under the St. of 1862, c. 183, and let to the mortgagor as a tenant at will, the mortgagee has no right, before redemption, to possession for breach of a condition in the mortgage.

THREE ACTIONS OF TORT. The declaration in each case contained a count for assault and battery, a count for trespass and a count for trover. The cases were tried together in the Superior Court, before *Allen*, J., who, after a verdict for the defendants, allowed a bill of exceptions, the substance of which appears in the opinion.

*C. Sewall*, for the plaintiffs.

*J. A. Gillis*, for the defendants.

MORTON, J. As a justification of their forcible entry into the premises occupied by the plaintiffs, the defendants relied upon a mortgage deed from Jeremiah Coughlin, one of the plaintiffs, to Harriet Stearns, a sale under the power contained in said mortgage, and a deed, dated May 13, 1878, from the mortgagee to Perkins, one of the defendants, under whose directions the other defendants acted. As against the mortgagor, if his rights only were concerned, and he were occupying the premises as his own, Perkins had the superior right of possession, and in such case the plaintiffs could not maintain either of these actions. *Low* v. *Elwell*, 121 Mass. 309.

But, in reply to the defendants' case, the plaintiffs offered in evidence a deed of the premises from the tax collector of the city of Salem to the city, dated July 20, 1877, a sale of the premises having been made for taxes duly assessed upon them; and also offered evidence tending to show that, at the time of the alleged trespass, they were occupying the premises as the tenants of the city of Salem. The court rejected this evidence.

A tax sale and deed under it, if duly made, convey to the purchaser a title paramount to that of a prior mortgagee. *Parker* v. *Baxter*, 2 Gray, 185. The purchaser takes an estate defeasible by the payment by the mortgagor or mortgagee of the amount of the taxes, intervening charges and interest, but, until the redemption, he has the right of possession, and the prior mortgagee has no right of possession as against him. If the sale for taxes had been made under the Gen. Sts. *c.* 12, to a third party as purchaser, who had taken possession, it is clear that the mortgagee could not enter and expel him, because the purchaser has a right of possession which is superior to his.

In this case, the deed to the city of Salem was made under the St. of 1862, *c.* 183. This statute authorizes the collector, in certain contingencies, to purchase an estate offered for sale for nonpayment of a tax, on behalf of the town or city by which the tax is assessed. The second section provides that the deed of the collector in such case " shall confer upon such town or city the same rights as belong to an individual to whom such a deed may be given. And the several towns and cities of this Commonwealth, in their corporate capacity, are hereby authorized, as holders of said deeds, to exercise the same rights and perform the same duties as any individual purchaser of real estate taken for taxes." The fourth section provides that the deed shall be placed in the custody of the treasurer, to whom all applications for redemption shall be made, and that the several towns or cities " may make such regulations for the custody, management and sale of such estates," not inconsistent with law, as they may deem expedient.

By a deed from the collector under this statute, the town or city takes a fee and seisin in the same manner as would an individual purchaser at a sale under the General Statutes. After the sale and deed, neither the mortgagor nor the mortgagee has any right of possession as against the city.

The plaintiffs offered evidence tending to show a tax sale and deed to the city, and that they were in possession under the city as tenants at will. If they can prove these facts, we think the justification of the defendants fails, because then Perkins, the assignee of the mortgagee, had no right of possession. If the

city had put a stranger into possession as its agent or tenant, it is entirely clear that the mortgagee would have no right to oust him. The same result follows if the city put the mortgagor in possession as a tenant at will.

It is true in general that, if the mortgagor should acquire a title from the city by redeeming from the tax sale or otherwise, this title would enure to the benefit of the mortgagee, who, as against the mortgagor, would be entitled to possession. But this principle does not apply where the mortgagor is in possession as a tenant at will of the city. The nature of a tenancy at will is such that it cannot apply. A tenant at will has no estate which is assignable. If he makes an assignment to one who takes possession, this terminates the tenancy at will, and the owner may treat the assignee as a trespasser. *Cooper* v. *Adams*, 6 Cush. 87. *King* v. *Lawson*, 98 Mass. 309. The mortgagee cannot gain by estoppel any greater right than the tenant can assign. If he ousted the tenant, he could not acquire a right of possession, but the city might treat him as a trespasser. It follows that, upon the facts offered to be proved by the plaintiffs, Perkins, who at best has no greater rights than the mortgagee after condition broken, had no right of possession, and his justification fails.

These considerations dispose of all the questions raised by the bill of exceptions; and we are of opinion that, for the reasons stated, the plaintiffs are entitled to a new trial.

*Exceptions sustained.*