### TICE v. DERBY ET AL.

1. **Evidence:** PRESUMPTION OF DEATH FROM ABSENCE. Where a mother and her son (the plaintiff) were co-tenants of a city lot, and the mother, believing the son to be dead and herself the sole owner of the lot, sold, and undertook to convey it to the defendant's grantor, who, in good faith, improved it, *held* that although the plaintiff had disappeared and had been absent and unheard of for many years, and was believed by his mother to be dead, and although his mother's grantee purchased and paid for the lot in good faith, expecting to get a clear title to the whole of it, yet plaintiff's conduct was not such, as it appears from the evidence, as to estop him from asserting, as against the defendant, his interest in the lot.

2. **Tax Deed:** TENANT IN COMMON. A tax deed acquired by a tenant in common is not sufficient in equity to divest the interest of a co-tenant, notwithstanding the holder of the deed may have acquired the tax certificate before he became tenant in common, following *Flinn v. McKinley*, 44 Iowa, 68.

3. **Practice:** RELIEF LIMITED BY DEMAND. The court should not grant to either party, plaintiff or defendant, relief in any respect greater than he demands.

*Appeal from Des Moines Circuit Court.*

WEDNESDAY, SEPTEMBER 20.

ACTION to quiet title to a certain lot in the city of Burlington. The plaintiff avers that he is the owner thereof, subject to a life estate in an undivided two-thirds thereof, during the life of his mother, formerly Lucinda Tice, now Lucinda Burkhart. The defendants, Mark Derby and Laura C. Derby, claim to own the whole lot.

The court found that the plaintiff owned the lot subject to an estate for life in one undivided third thereof, such estate being for the life of Lucinda Burkhart; that the defendant, Laura C. Derby, is the owner of the estate for life, and is entitled to be allowed for certain improvements made on the premises, and the amount of certain taxes which had been paid; and the court decreed that an accounting be had, and the value of the property be ascertained, and the value of the

improvements and the estate for life, and that the taxes which had been paid be apportioned, and the property be sold, and the proceeds be applied, first, in payment of the costs of the action and the balance be so divided as to pay Laura C. Derby so much as should appear to be her proportionate share for the estate for life, the improvements, and taxes paid by her, and those under whom she claims, after deducting such amount as would be the share of the rents and profits belonging to the plaintiff. From this decree both the plaintiff and the defendant, Laura C. Derby, appeal.

*P. Henry Smyth & Son,* for plaintiff.

*Thomas Hedge, Jr.,* for defendant.

ADAMS, J.—The property originally was owned by the plaintiff's father, one John P. Tice, who died intestate, leaving surviving him his wife Lucinda, now Lucinda Burkhart, and two sons, the plaintiff, and John P. Tice, Jr. The latter afterward died and the lot became the property of the plaintiff and his mother, Mrs. Burkhart. The plaintiff disappeared and was not heard from for many years. The lot was unimproved and yielded no income. Mrs Burkhart was poor and unable to pay the taxes, and suffered the lot to be sold for taxes. One Caroline Derby, the mother of the defendants, became the owner of the tax certificate. In the meantime, Mrs. Burkhart, supposing her son, the plaintiff, to be dead, and herself the sole owner of the lot, sold it as such sole owner, and executed a deed whereby she undertook to make a conveyance of it. Such interest as she had the power to convey was acquired by Caroline Derby, and it appears that it was acquired while Mrs. Derby held the tax certificate, and before redemption expired. Mrs. Derby afterward obtained a tax deed, and supposing that she was sole owner of the lot built a dwelling house upon it. She afterward died, and the defendant, Laura C. Derby, her daughter, has acquired her interest by inheritance.

*1. EVIDENCE: presumption of death from absence.*

She insists that the plaintiff was divested of his interest by his mother's deed. Her position is based upon certain allegations, said to be supported by the evidence; that the plaintiff in disappearing and remaining unheard from so long, and under the circumstances shown, allowed his mother's grantee to purchase and pay for the lot in good faith, and under the just supposition that he was dead, and that he ought not now to be heard to aver to the contrary.

But we are all agreed upon a separate reading of the evidence, that while it appears clearly enough that Mrs. Burkhart's grantee purchased and paid for the lot in good faith, expecting to get a clear title to the whole of it, the plaintiff's conduct was not such as to create an estoppel against him. Mrs. Burkhart's deed, then, did not have the effect to convey the plaintiff's interest, and Caroline Derby became a tenant in common with the plaintiff, and was such at the time she obtained her tax deed.

The defendant, Laura, contends, however, that even if this is so, the plaintiff's interest was afterward divested by the tax 2. TAX DEED: deed. But under the ruling in *Flinn v. McKin-* tenant in common. *ley*, 44 Iowa, 68, a tax deed acquired by a tenant in common is not sufficient in equity to divest the interest of a co-tenant, and that too, notwithstanding the holder of the deed may have acquired the tax certificate before he became tenant in common.

As to the effect of Mrs. Burkhart's deed, and of the tax deed, it appears quite clear to us that there was no error in 3. PRACTICE: the ruling of the court below. But when we come relief limited by demand. to consider the extent of the plaintiff's interest, we find ourselves involved in some difficulty. The court decreed to the plaintiff a larger interest than he claimed. It gave him the lot subject to a life estate in one-third thereof, while the plaintiff claimed the lot subject to a life estate in two-thirds thereof. Yet no objection is urged by the defendant's counsel specifically upon this ground. Her counsel directs his whole argument to the point that the plaintiff has

no interest whatever. We have to say, also, that several questions respecting the extent of the plaintiff's interest appear to have been wholly overlooked. The plaintiff's concession that the interest not owned by him is a life estate in two-thirds of the lot, was, we presume, based upon the idea that Mrs. Burkhart took a life estate in one-third when her husband died, and a life estate in another third when her son, John P. Tice, Jr., died. But counsel upon neither side have given any consideration in their arguments to the question as to what interest Mrs. Burkhart took, if any, at the death of her son. We shall, therefore, not undertake to determine it. But we think that we ought to say that the court should not have granted the plaintiff relief in any respect greater than what he claimed.

We come now to consider the questions raised on the plaintiff's appeal. He insists that the defendant, Laura, is not entitled to be allowed for improvements. Whether she might not be if the pleadings justified it, we need not determine. The defendant does not appear to have made such claim. She does, it is true, in the sixth division of her answer set out among other things that Caroline Derby built a house on the lot at an expense of $1,100. But the matters set up in this division were pleaded by way of estoppel. It is abundantly manifest that they were relied upon simply to defeat the plaintiff's title. It will be time enough, we think, to consider whether the defendant can be allowed for improvements when she makes a claim for improvements.

The plaintiff contends, also, that the court erred in decreeing that the defendant was entitled to an allowance for taxes; and we have to say that we think that the plaintiff's position in this respect must be sustained. Whatever averments she has made concerning the payment of taxes, do not appear to have been made with the view of claiming an allowance, but solely with the view of defeating the plaintiff's title. She not only does not pray specifically to be allowed for such payments, but she makes no averment of the payment of any

specific amounts. What, if anything, the defendant should be allowed under a proper condition of the pleadings, we do not determine.

The decree below was not intended to be final. The case must be reversed upon both appeals, and remanded for such further proceedings as the parties may see fit to ask and the court deem it proper to grant. Each party must pay half of the costs of this appeal.

REVERSED.