THOMAS HURLEY *vs.* DANIEL T. HURLEY & another.

Suffolk. November 20, 1888. — January 16, 1889.

Present : MORTON, C. J., FIELD, C. ALLEN, HOLMES, & KNOWLTON, JJ.

*Partition — Tenants in Common — Tax Sale — Redemption.*

A tenant in common of land sold for non-payment of taxes does not by redeeming it acquire an absolute title thereto, but is entitled to possession, and to have the lien of the tax sale kept alive, until his cotenants pay him their shares of the redemption money.

HOLMES, J. . This is a petition for partition. In 1870, the petitioner, Thomas Hurley, inherited one undivided half of the premises from his mother, subject to his father's tenancy by the curtesy. On November 14, 1879, the father died, and the other half, which had belonged to him under a separate conveyance, descended to the petitioner and the respondents, two sons of the father by a former wife. On September 8, 1879, before the father's death, the premises were sold for taxes to one Capen. On December 6, 1880, the respondent, Daniel T. Hurley, paid Capen the amount necessary to redeem the premises, and took a release from him.* At that time a third wife of the father

---

* This deed of release, which was under seal and signed by Capen, was indorsed on the original deed of the collector of taxes to Capen, and is as follows :

" Know all men by these presents : that I, Aaron D. Capen, of Boston, in the county of Suffolk and State of Massachusetts, in consideration of $38.56,

of the petitioner and the respondents was in possession. In the spring of 1882, Daniel T. Hurley took possession, and the petitioner has never offered to repay any part of the sum paid to Capen, and the question raised by the exceptions is whether Capen's deed to him is a bar to this petition.

There has been some uncertainty as to the extent and grounds of the principle, that a purchase of a tax title by one tenant in common enures for the benefit of all. *Frentz* v. *Klotsch,* 28 Wis. 312, 318. *Connecticut Ins. Co.* v. *Bulte,* 45 Mich. 113, 120. *Rothwell* v. *Dewees,* 2 Black, 613, 618. Some cases dwell principally on the existence of a fiduciary relation. *Lloyd* v. *Lynch,* 28 Penn. St. 419, 424. *Van Horne* v. *Fonda,* 5 Johns. Ch. 388, 407. *Flinn* v. *McKinley,* 44 Iowa, 68. *Weare* v. *Van Meter,* 42 Iowa, 128. *Venable* v. *Beauchamp,* 3 Dana, 321, 324. While others put the proposition in the narrower form, that a tenant in common cannot take advantage of a title created by his own default as against his cotenant. *Choteau* v. *Jones,* 11 Ill. 300, 322. *Voris* v. *Thomas,* 12 Ill. 442. *Dubois* v. *Campau,* 24 Mich. 360, 368. *Lacey* v. *Davis,* 4 Mich. 140, 152. *Downer* v. *Smith,* 38 Vt. 464, 468. See *Piatt* v. *St. Clair,* 6 Ohio, 227; *Bernal* v. *Lynch,* 36 Cal. 135, 146; *Carithers* v. *Weaver,* 7 Kans. 110. Undoubtedly, as is said by Dixon, C. J., dissenting, in *Smith* v. *Lewis,* 20 Wis. 350, 356, it will be found in most of the cases that the party setting up the tax title was under an obligation to pay the taxes.

It has been held that a tenant in common could purchase a tax title from a stranger, after the period of redemption had expired, and hold it for his own benefit. *Reinboth* v. *Zerbe Run Improvement Co.* 29 Penn. St. 139. *Keele* v. *Cunningham,* 2 Heisk. 288. *Watkins* v. *Eaton,* 30 Maine, 529, 536. *Coleman* v. *Coleman,* 3 Dana, 398, 403. And in this Commonwealth it is decided that he may take an assignment of a paramount mort-

which sum includes, in addition to the amount due on the within deed, the amount of tax, interest, and costs on the same property, for the present year, to me paid by Daniel T. Hurley, of Boston, in the county of Suffolk and Commonwealth aforesaid, do hereby resign, convey, and quitclaim to said Daniel T. Hurley, and his heirs and assigns forever, the within described premises and all rights conveyed to me by the within deed, to have and to hold the same to Daniel T. Hurley and his heirs and assigns to his and their use forever."

gage, and rely on it to defeat a petition for partition. *Blodgett* v. *Hildreth*, 8 Allen, 186. On the other hand, it has been held that a purchase of a tax certificate before the period of redemption has expired, by one who is not a tenant in common at the time, will enure to the benefit of the other tenants in common, if he becomes such before he gets the tax deed. *Flinn* v. *McKinley*, 44 Iowa, 68. *Tice* v. *Derby*, 59 Iowa, 312, 314. Compare *Sneed* v. *Atherton*, 6 Dana, 276, 279.

There are strong grounds for saying that there were no special fiduciary relations between the petitioner and the respondent Daniel T. in this case. Their titles were in part derived from different sources. *Frentz* v. *Klotsch*, 28 Wis. 312, 318. According to the bill of exceptions, Daniel T. Hurley was not in possession when he took the tax deed, (*Wright* v. *Sperry*, 21 Wis. 331, 337,) and he had no interest in the premises when the tax was assessed, or until after they were sold, while the petitioner owned one half, subject to his father's tenancy by the curtesy. It is at least consistent with the facts stated to assume that the petitioner was not relying on the respondent in any way. See *Matthews* v. *Bliss*, 22 Pick. 48, 52. Again, it would be pressing the notion of default very far to say that, although the respondent Daniel T. Hurley was a stranger to the estate at the time of the sale, yet, since he might have redeemed, he could not found a title on his failure to do so.

But it is unnecessary to decide what would have been the effect if the respondent Daniel T. Hurley had taken a conveyance of the tax title to a third person, and had given the transaction the form of an assignment. For whether Daniel T. Hurley had a right to take an assignment or not, he certainly had a right to redeem and pay off the incumbrance. Pub. Sts. c. 12, § 49. See *Coughlin* v. *Gray*, 131 Mass. 56, 58 ; *Langley* v. *Chapin*, 134 Mass. 82; *Coxe* v. *Wolcott*, 27 Penn. St. 154. Which of the two transactions took place may be a question for the jury under some circumstances. *Coxe* v. *Wolcott*, 27 Penn. St. 154. But, as was said in *Watkins* v. *Eaton*, 30 Maine, 529, 534, a case very similar in principle to the one at bar, " When a part owner obtains a conveyance of his own share and the share or shares of cotenants, by payment of the precise amount required to redeem them, he must be presumed, in the absence of all

rebutting testimony, to have done so in the exercise of a legal right. And in such case the whole so conveyed will be redeemed from the sale." See *Sherwin* v. *Boston Five Cents Savings Bank*, 137 Mass. 444, 449.

It is plain on the face of the deed accepted by the respondent Daniel T. Hurley, that he redeemed the premises in the exercise of his legal right so to do; and it follows that the lien of the tax sale was discharged, in such a sense that it could not ripen into a legal title as against his cotenants, except upon their refusal or neglect to pay their share. *Watkins* v. *Eaton*, 30 Maine, 529; *Weare* v. *Van Meter*, 42 Iowa, 128.

Then the question arises, whether, as the respondent Daniel T. Hurley has paid the tax, and has not taken the steps to assert and preserve his lien prescribed by Pub. Sts. c. 12, §§ 63–65, his rights are not gone altogether. But we think that it would be too harsh a construction of those sections to hold that they apply to a redemption of the premises after a sale, when the tenant takes a deed which is put on record. We interpret the statute as intended to apply to a payment in the first instance, when, unless a certificate is filed as provided, there will be nothing in the registry to show the tenant's claim, and when no other statutory mode of divesting the title of his cotenants has been set in motion.

We are of opinion, that, although the tax is legally paid, as we have said, yet the respondent Daniel T. Hurley is entitled to have the lien kept alive for his benefit until the petitioner shall have paid his share. Until that time, the petitioner has no right to the possession of any part of the land, in equity or at law. *Watkins* v. *Eaton*, 30 Maine, 529, 535. See *McCabe* v. *Swap*, 14 Allen, 188, 191; *Gibson* v. *Crehore*, 3 Pick. 475, and 5 Pick. 146, 150; *Popkin* v. *Bumstead*, 8 Mass. 491. Therefore the petition was rightly dismissed. Pub. Sts. c. 178, § 3. *Blodgett* v. *Hildreth*, 8 Allen, 186. *Bradley* v. *Fuller*, 23 Pick. 1, 8. *Hunnewell* v. *Taylor*, 6 Cush. 472. *Coughlin* v. *Gray*, 131 Mass. 56, 57. *Husband* v. *Aldrich*, 135 Mass. 317, 318.

*Exceptions overruled.*

*E. B. Callender*, for the petitioner.

*A. Churchill & J. R. Churchill*, for the respondents.