MARGARET M. BRENNAN, as Administratrix, etc., Respondent, *v.* SUSAN E. HALL et al., as Trustees, etc., Appellants.

SAME *v.* SAME.

J. assigned a bond and mortgage to H. In an action brought by plaintiff as administratrix of M., the wife of J., against the executors of H. to recover moneys paid upon the bond, plaintiff claimed that the assignment was executed for the benefit of M. and under a parol agreement on the part of H. that he would assign the securities to her when she desired it. To prove the parol agreement plaintiff called A., an attorney employed by J. to draw the assignment, who was asked as to the conversation between J. and H. at the time of the assignment and also as to other statements made by H. and J. This was objected to as incompetent

under the Code of Civil Procedure (§ 835). *Held*, untenable; that the witness was competent to testify as to statements made by H., and as to the statements made by J. the objection was too broad, it including both; also that the witness was competent to testify to the conversation between J. and H. in his presence, as to the purpose of the assignment.

Defendants claimed no title or interest in the securities, but claimed that H. took the assignment in trust for the benefit of S., the mother of J. Some time after the death of H. the mortgage was found in a bank, where it had been deposited by him. Upon the envelope enclosing it was an indorsement and in a paper enclosed with it was a statement both to the effect that the bond, mortgage and assignment were the property of S. These statements were offered in evidence by defendants but were excluded. *Held*, no error; that to make such declaration and entries competent the fundamental requirement was that they should at the time they were made be against the interest of the party making them; that those in question were not against the interest of H. who at no time claimed any, but were simply against the interest of plaintiff's intestate.

After judgment in plaintiff's favor had been affirmed at General Term and defendants had appealed therefrom, S. applied at Special Term to be made a party to this action and for an order opening the judgment and allowing her to intervene and set forth and plead her claim to the mortgage in suit. This application was denied and the order was affirmed at the General Term. *Held*, that the granting or denial of the application was discretionary and the order was not, therefore, reviewable here.

(Argued January 25, 1892; decided February 9, 1892.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made June 16, 1891, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term.

Appeal also from order of the General Term of the Supreme Court in the first judicial department, made December 31, 1891, which affirmed an order at Special Term which denied the application of Sarah A. Jarvis to be joined as a party defendant.

The controversy in this action was as to the title of a bond and mortgage executed in May, 1884, by Henry Korn to Judson Jarvis.

The facts, so far as material, are stated in the opinion.

*Lyman E. Warren* for appellants.   Mr. Arnold's testimony as to conversations between himself and Mr. Hall, and himself and Mr. Hall and Mr. Jarvis, were not admissible under section 835 of the Code.   (*Root* v. *Wright,* 84 N. Y. 72; *McIntyre* v. *Costello,* 24 N. Y. S. R. 765.)   The exclusion of the evidence as to the interest of Sarah A. Jarvis in this mortgage was an error.   (1 Greenl. on Ev. § 147; *Schenck* v. *Warner,* 37 Barb. 258; *Friberg* v. *Donovan,* 23 Ill. App. 58; *Byrne* v. *Reed,* 75 Cal. 277; *Siedenbach* v. *Riley,* 111 N. Y. 560–566; *Griffin* v. *L. I. R. R. Co.,* 101 id. 348.)   The facts disclosed by the record show that Sarah A. Jarvis had an interest in this controversy, and that she should have been made a party to this action, and the court should have made an order directing her to be brought in, and should not have decided this case without making her a party.   (Code Civ. Pro. § 452; *Smith* v. *Hilton,* 50 Hun, 236; *Osterhoudt* v. *Supervisors,* 98 N. Y. 239; *Sherman* v. *Parish,* 53 N. Y. 483; *Fliess* v. *Buckley,* 90 N. Y. 286; *Bergen* v. *Carman,* 79 id. 146; *Livingston* v. *Meldrum,* 19 id. 440; *Beeckman* v. *Gibbs,* 8 Paige, 511.)

*Woolsey Carmalt* for Sarah A. Jarvis, appellant.   The facts disclosed by the moving papers and the record in the action show that Sarah A. Jarvis has an interest in this controversy, and that a judgment cannot be rendered without prejudice to her rights.   (Code. Civ. Pro. § 452; *Smith* v. *Hilton,* 50 Hun, 236; *Osterhoudt* v. *Supervisors,* 98 N. Y. 239; *Shaver* v. *Brainard,* 29 Barb. 25; *Sherman* v. *Parish,* 53 N. Y. 483; *Johnston* v. *Donovan,* 106 id. 269; *Fliess* v. *Buckley,* 90 N. Y. 286; *Bergen* v. *Carman,* 79 id. 146; *Livingston* v. *Meldrum,* 19 N. Y. 440; *Beeckman* v. *Gibbs,* 8 Paige, 511.)   The appellant is not guilty of such *laches* as will defeat her application.   (*Leidenbach* v. *Reilly,* 111 N. Y. 565; *Griffin* v. *R. R. Co.* 101 id. 354; 82 N. Y. 182.)

*Gilbert W. Miner* for respondent.   The trust claimed to have been created in the assignment of this bond and mort-

gage by Mr. Jarvis to Mr. Hall for the benefit of Mrs. Jarvis, was a valid one, enforceable in equity, and provable by parol evidence. (*Robbins* v. *Robbins*, 89 N. Y. 251; *Bitter* v. *Jones*, 28 Hun, 492; *Foote* v. *Bryant*, 47 N. Y. 544; *Norton* v. *Mallory*, 63 id. 434; *Roulston* v. *Roulston*, 64 id. 53.) The exceptions taken to the admissibility of Mr. Arnold's evidence on the ground that they were privileged communications within the meaning of sections 835 and 836 of the Code of Civil Procedure, or otherwise, are not tenable. (*Whiting* v. *Barney*, 30 N. Y. 330; *Britton* v. *Lorenz*, 45 id. 53; *Sherman* v. *Scott*, 27 Hun, 331, 334; *Rosenberg* v. *Rosenberg*, 40 id. 90, 100; *Hurlbert* v. *Hurlbert*, 18 N. Y. S. R. 407; *Smith* v. *Crego*, 26 id. 64; *In re McCarthy*, 28 id. 345; *Martin* v. *Platt*, 51 Hun, 437; *Hebbard* v. *Haughian*, 70 N. Y. 55; *Coveney* v. *Tannahill*, 1 Hill, 33; *Mulford* v. *Muller*, 1 Keyes, 31; *In re Coleman*, 111 N. Y. 220; *De Witt* v. *Barley*, 9 id. 371.) The exceptions to the exclusion of certain papers were not well taken. (*W. T. Co.* v. *Barber*, 56 N. Y. 552; *Wheeler* v. *Lawson*, 103 id. 40.) Sarah A. Jarvis failed to show that she had any interest in the subject of this action. (*Honegger* v. *Wettstein*, 94 N. Y. 261; *Carswell* v. *Neville*, 12 How. Pr. 445; *Hornby* v. *Gordon*, 9 Bosw. 656.) Sarah A. Jarvis failed to show that the judgment heretofore rendered in this action in favor of the plaintiff affects in any way any interest she might have in the bond and mortgage in question. (*Segrauth* v. *D. D. Bank*, 86 N. Y. 390.) As Sarah A. Jarvis claims this bond and mortgage in hostility to both the plaintiff and the defendants, she cannot be admitted as a party to this action, because the defendants Hall and Clark refuse to renounce all claim to it as required by section 820 of the Code. (*Hornby* v. *Gordon*, 9 Bosw. 656; *Martin* v. *Elwood*, 11 Paige, 376; *Kelsey* v. *Murray*, 28 How. Pr. 243; *Sherman* v. *Partridge*, 11 id. 154.) The claim made by Sarah A. Jarvis has nothing whatever to do with the controversy between this plaintiff and the defendants Hall and Clark over this bond and mortgage. (*Kelsey* v. *Murray*, 28 How. Pr. 243.) The court had no

power to grant the application when it was made. (*Cornish* v. *Farmer*, 1 Y. & J. 333; *R. R. Co.* v. *Hawes*, 3 J. & S. 373; *Carswell* v. *Neville*, 12 How. Pr. 445; *Seacord* v. *Morgan*, 17 id. 394.) The appellant was guilty of gross *laches* in making this motion. (*Newman* v. *Martin*, 12 Hun, 236.) The application of Sarah A. Jarvis was addressed to the discretion of the Supreme Court and its exercise will not be reviewed by this court. (*Spears* v. *Mayor, etc.*, 92 N. Y. 442.)

EARL, Ch. J. On the 14th day of May, 1884, Judson Jarvis, of the city of New York, executed to Henry Korn a deed of certain real estate in that city, and to secure a part of the purchase-money Korn executed and delivered to him a mortgage for $13,500. On the next day Jarvis executed and delivered an assignment of that mortgage to Washington A. Hall for the benefit of his wife Mary H. Jarvis, under a parol agreement with Hall that he would assign the mortgage to Mrs. Jarvis whenever she wanted it. Hall had no interest whatever in the mortgage or the money secured thereby, and he took the assignment solely for the benefit of Mrs. Jarvis. Hall died in February, 1885, and the defendants Susan E. Hall and William H. Clark are the executors and trustees under his will. Judson Jarvis died in May, 1885, and his wife, Mary H. Jarvis, died intestate in October, 1888, and the plaintiff was appointed administratrix of her estate. Shortly after the death of Mrs. Jarvis, the defendants, claiming to hold the mortgage under the last will and testament of Hall, commenced an action in the Supreme Court against Korn for a foreclosure thereof. Korn having been informed of the claim of Mrs. Jarvis to the mortgage, commenced an action in the Supreme Court against these defendants and the plaintiff as administratrix of the estate of Mrs. Jarvis, in which he prayed for relief, among other things, that he might pay the money due upon the mortgage into court, and that the mortgage be canceled, and that the parties to this action might interplead and litigate their respective claims to the money thus deposited. Thereupon this action was commenced and it was

therein determined that the plaintiff was entitled to the money under the agreement made between Mr. Jarvis and Hall, and judgment was entered in her favor. The defendants have appealed and now assail the judgment for certain alleged errors in the rulings of the trial judges in the reception and exclusion of evidence. We find no error in these rulings.

To prove the parol arrangement under which the assignment was made by Mr. Jarvis to Hall for the benefit of Mrs. Jarvis, the plaintiff called as a witness John H. V. Arnold, the attorney, who, acting professionally for Jarvis, drew the deed from him to Korn, the mortgage to him and the assignment of the mortgage to Hall; and portions of his evidence were objected to on the part of the defendants as incompetent under section 835 of the Code. The objections were overruled and the evidence was received, and it is now claimed that the evidence was incompetent. To this claim there are three satisfactory answers : (1) Arnold did not act as attorney for Hall and he testified to various conversations with Hall, in which Hall fully and explicitly stated and admitted the arrangement under which he received the mortgage for the benefit of Mrs. Jarvis, and if all the evidence he gave of declarations made by Jarvis were stricken out it would not affect the case, as the remaining evidence of Arnold, uncontradicted, undisputed, and believed by the trial judge, justified and required the determination made. (2) When plaintiff's counsel offered to prove by Arnold the conversation between Jarvis and Hall in his presence, in reference to the assignment of the mortgage to Mrs. Jarvis, and the purpose of the assignment, the defendants' counsel objected to evidence of the conversation. That objection was too broad. The witness was at least competent to testify to what Hall stated, and, therefore, the objection to what both Jarvis and Hall said was not well founded. (3) Even if the witness under the circumstances was incompetent to testify to any communications or declarations made to him by Jarvis, he was not incompetent to testify to the conversation had in his presence between Jarvis and Hall relating to the purpose for which Hall was to take and hold the mort-

gage. So we find no error in the rulings of the trial judge upon the evidence of Arnold.

Upon the trial the defendants did not claim that Hall at the time of his death, or at any prior time, owned or had any interest in the mortgage. Nor did they claim any title to or interest in the mortgage as executors and trustees under the will of Hall. While in their answer they did allege that the mortgage was the property of Hall at the time of his death, and as such came to them, and that they were entitled to the proceeds thereof, upon the trial they alleged that Hall took the assignment of the mortgage in trust for the benefit of Sarah A. Jarvis, the mother of Judson Jarvis. Some time after the death of Hall the mortgage was found in an envelope in the bank where it had been deposited by Hall, and on the envelope, in his handwriting, were these words: "All the papers, bond and mortgage, assignment, etc., are the property of S. A. Jarvis." The envelope also contained this paper, which was in the handwriting of Hall:

"NEW YORK, *October* 8, 1881.

"The bond and mortgage assigned to me by Prince & Whitely, for the sum of $20,400, does not belong to me, the money to pay for said mortgage being furnished by Mrs. Sarah A. Jarvis, and the same is to be reassigned to her, or who she may designate, and I hereby bind myself, my heirs or assigns, to make said assignment. W. A. HALL."

Defendants offered to put in evidence the indorsement upon the envelope and the other paper for the purpose of showing that the mortgage actually belonged to Sarah A. Jarvis and was held by Hall in trust for her. It was claimed that the evidence was competent because these were written declarations and entries made by Hall, then deceased, which were against his interest when made. There is a well-recognized exception to the rule which excludes hearsay evidence, by which declarations and entries made by persons since deceased, against their interests when made, are allowed. Such declarations and entries are received because of the extreme improb-

ability that the person making them would fabricate or falsely make them against his own interests. (1 Greenleaf's Ev. § 147 *et seq.*) To bring the declarations and entries in such a case within the exception, the fundamental requirement is that they should at the time be against the interests of the person making them. The exception does not apply here because these statements of Hall were, when made, against the interests of Mary H. Jarvis and not against his interest. He never at any time claimed to hold the mortgage as his own, and never in fact owned it, and the defendants, upon the trial, did not claim he ever owned it, or that they had any interest in it. If these statements were allowed as evidence they would simply tend to show that the money in controversy belonged to Sarah A. Jarvis, and not to Mary H. Jarvis, and hence they are not within the reason of the exception, and it is confidently believed that no authority can be found holding such statements competent evidence under such circumstances.

When a person makes statements or entries impairing, qualifying or limiting his title to property in his possession, then, in a litigation after his death when the title to the same property comes in question, such statements or entries may be given in evidence, and the fact that they were against the interest of the person making them, stands in the place of an oath, and gives nearly if not quite the same assurance of veracity. So if either of the parties to this action were here asserting the title of Hall to the mortgage, and claiming under, through or from him, then his statements made in derogation of his title and thus against his interest could be given in evidence against such party, and the rule referred to could have no other application to such a case.

We are, therefore, of opinion that the trial judge did not err in excluding these written statements made by Hall.

The defendants presented no other question for our consideration upon their appeal from the judgment, and it should be affirmed, with costs.

There is also in this case an appeal from an order, to which we will give brief attention.

After the judgment had been affirmed at the General Term and the defendants had appealed to this court, Sarah A. Jarvis made an application to a Special Term of the Supreme Court to be made a party to this action, "and for an order that the judgment heretofore rendered herein be opened, and said Sarah A. Jarvis have leave to intervene in said action and set forth and plead her claim as stated in the petition herein." That motion was denied at the Special Term and the order of the Special Term was affirmed at the General Term, and then she appealed to this court.

The court below undoubtedly had power, even at the late stage of the case, to allow Sarah A. Jarvis to be brought in as a party, but whether the order should be made or not rested in its discretion, and its determination is not reviewable here. It cannot even be said that the discretion was unwisely exercised. At that stage of the case, it was certainly more appropriate that she should institute an independent action to enforce her rights, if she had any, to the fund. Not being a party to this action, she is in no way concluded by the judgment rendered therein. She may at once commence her action, making the parties to this action defendants therein, and have her right to the fund determined, or she may wait until the fund is paid over under this judgment to this plaintiff, and then commence an action against her, alleging her right thereto and have it determined in that action. So no harm whatever was done to her by the denial of her motion.

Judgment affirmed.

Appeal from order dismissed.

All concur, except MAYNARD, J., taking no part.