EDWARD B. O'BRIEN *vs.* FRANK E. BAILEY & others.

Middlesex.   December 14, 1894. — March 9, 1895.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & BARKER, JJ.

*Partition — Mortgagee in Possession.*

A petition for partition of land will not lie if the mortgagee thereof has entered for condition broken, and is in actual possession of the premises at the time of the filing of the petition.

PETITION to the Probate Court, for partition of land in Somerville.   The judge decreed that a partition be made by a sale and conveyance, and the respondent Bailey alone appealed to this court, assigning, among other reasons for appeal, that the " holder of certain mortgages which have priority to the claim of all the cotenants thereof, and to the claims of all the persons named in said petition, has entered and holds possession of said land for breach of conditions of said mortgages."   Trial before *Holmes*, J., who reserved the case for the determination of the full court.

*W. B. Durant*, for the petitioner.

*L. R. Wentworth*, for the respondent Bailey.

*R. J. McKelleget*, for certain cotenants, joined in the brief of the petitioner.

HOLMES, J.   The land of which partition is sought is subject to a mortgage which is paramount to the interests of the parties to this suit.   The mortgagee has entered for condition broken, and now is in actual possession of the premises. The parties therefore have not such an estate in possession as

is required by Pub. Sts. c. 178, § 3, and they are not within the exception as to leases made by § 68 in accord with Co. Lit. 167 *a*, changing the law as laid down in *Hunnewell* v. *Taylor*, 6 Cush. 472. They have not the "present unconditional and unqualified right of entry" (*Marshall* v. *Crehore*, 13 Met. 462, 466) which is the least that has been held sufficient to warrant these proceedings. The petitioner seeks to press a few words let fall by Shaw, C. J., in *Ewer* v. *Hobbs*, 5 Met. 1, 7, further than they go, and further than we can suppose them to have been meant to go. It is true that the mortgagees in possession may be made to account for the rents and profits in case of redemption, but their entry is adverse, and their possession while it lasts is on their own behalf. See *Shepard* v. *Richardson*, 145 Mass. 32, 37. It is clear that, when a third person is in exclusive possession under an adverse lien for a debt which must be satisfied before the parties can enter upon the land, partition cannot be had. *Hurley* v. *Hurley*, 148 Mass. 444. *Blodgett* v. *Hildreth*, 8 Allen, 186. *Bradley* v. *Fuller*, 23 Pick. 1, 8. *Taylor* v. *Blake*, 109 Mass. 513, 519. The objection does not depend upon the mortgagee's being a party to the proceedings, but goes to the jurisdiction of the court under the statute when the fact is pleaded. It is unnecessary to consider whether this case can be distinguished from *Hurley* v. *Hurley*, with regard to the lien of the respondent Bailey for taxes paid by him. In view of our decision, it also is unnecessary to consider the objection that the petitioner appears for some of the respondents as guardian.

*Petition dismissed.*