MARIE L. DAVIS *vs.* ELBERT R. ALLEN.

Middlesex. April 10, 1916. — June 23, 1916.

Present: RUGG, C. J., LORING, BRALEY, CROSBY, & PIERCE, JJ.

*Tax,* Sale of land for the collection of. *Attachment.*

A purchaser at a sale of land for the collection of taxes, who at the time of the sale has no interest in the land other than that derived at the tax sale, gets a new title in fee unincumbered by an attachment previously placed upon the

land in an action brought against the person who owned it at the time of the tax sale; and if such purchaser afterwards conveys that title to one who, after the tax sale, acting for himself and in good faith, had purchased all the right, title and interest of him who had owned the land at the time of the tax sale, such second purchaser also gets a title unincumbered by the attachment or by a sale under an execution and levy following it.

CARROLL, J. This is a writ of entry to recover a tract of land in Newton. The case was heard in the Land Court on an agreed statement of facts,* judgment was ordered for the demandant and the tenant appealed.

On May 5, 1899, the land in question, owned by Thomas J. Scollans, was attached on mesne process as the property of Scollans by Henry B. Goodenough. On June 27, 1900, it was sold by the city tax collector of Newton, for taxes assessed thereon against Scollans for the year 1898, to Harlow H. Rogers. On July 17, 1900, Scollans transferred the property to Arthur W. Eaton by quitclaim deed with the usual covenants. On October 2, 1901, Rogers conveyed all his right, title and interest to Eaton, and on October 29, of the same year, Eaton conveyed by quitclaim deed to the demandant. On June 21, 1902, the property was sold to Goodenough, the attaching creditor, "by sheriff's deed by virtue of an execution and levy, and the said attachment." By mesne conveyance the tenant holds under this deed of the sheriff.

There is no suggestion of fraud or collusion in connection with any of the transactions mentioned in the agreed statement. The assessment and tax sale, as well as the levy and sale under the execution, were in all respects legal.

When Rogers purchased the premises at the tax sale, his title thereto was a new and unrestricted one. It was independent of all incumbrances and paramount to all existing interests. In *Weeks* v. *Grace*, 194 Mass. 296, at page 300, it was said by Braley, J., that a purchaser at a sale of land for unpaid taxes "gets a new unincumbered title in fee by force of the lien of the taxing power, which cuts under all incumbrances or qualifying estates." In *Perry* v. *Lancy*, 179 Mass. 183, it was stated that such a purchaser obtained not only a paramount and new title, "but a seisin at the moment of the conveyance." See also *Abbott* v. *Frost*, 185 Mass. 398; *Langley* v. *Chapin*, 134 Mass. 82.

---

* By *Corbett*, J.

Rogers having an estate in fee simple, although subject to the right of redemption, *Butler* v. *Stark*, 139 Mass. 19, (see *Roberts* v. *Welsh*, 192 Mass. 278,) could transfer it, and convey to the grantee the same right which he himself possessed. However valid and effective the attachment of Goodenough against Scollans and the estate owned by him, it did not cloud the title of Rogers, except that the attaching creditor had the right to redeem.

If the tax debtor, Scollans, who owned the land at the time of the assessment and sale for taxes, had purchased from Rogers in October, 1901, he would have thereby redeemed the premises. Such a transaction being equivalent to the payment of his own debt, the attachment, under such circumstances, would continue as a valid and subsisting incumbrance on the property. See *Hurley* v. *Hurley*, 148 Mass. 444.

Eaton, on the other hand, when he acquired the title from Rogers, was acting for himself and in good faith. He was under no obligation to pay the taxes. He had no interest whatever in the land, except the right bought from Scollans; he stood in no fiduciary relation to him; he was neither his representative nor his agent. The principle governing the rights of the parties, where one having an interest in an estate acquires a tax title, such as a tenant in common, *Hurley* v. *Hurley, supra;* a mortgagee, *Walsh* v. *Wilson*, 130 Mass. 124; a mortgagor, *Coughlin* v. *Gray*, 131 Mass. 56, 58; a life tenant, *Solis* v. *Williams*, 205 Mass. 350, has no application on the agreed facts to the case at bar. "To preclude any person from making and relying upon a purchase of lands at tax sale, there must be something in the circumstances of the case which imposes upon him a duty to the State to pay the tax, or something which renders it inequitable as between himself and the holder of the existing title, that he should make the purchase." Cooley, J., in *Blackwood* v. *Van Vleit*, 30 Mich. 118, 121. See also *Oswald* v. *Wolf*, 129 Ill. 200, and the dissenting opinion of Dixon, C. J., in *Smith* v. *Lewis*, 20 Wis. 350, 355.

Eaton, by the grant from Rogers, held the property free from the attachment. His title and interest were the same as that of Rogers. The demandant, therefore, who holds under him, is entitled to recover. See *Laton* v. *Balcom*, 64 N. H. 92; *Jinkiaway* v. *Ford*, L. R. A. 1915 E 343.

There is nothing in *Da Silva* v. *Turner*, 166 Mass. 407, and

*Davidson* v. *Stafford,* 210 Mass. 145, to conflict with what is here stated.

Since the attaching creditor could have purchased at the tax sale, and also had the right to redeem, but failed to exercise these rights, no injustice is done him. St. 1909, c. 490, Part II, §§ 59, 61. *Union Trust Co* v. *Reed,* 213 Mass. 199.

The decision of the Land Court, awarding judgment for the demandant, is affirmed.

*So ordered.*

The case was submitted on briefs.

*H. W. Davies,* for the tenant.

*G. K. Bartlett & B. B. Piper,* for the demandant.