For plaintiff: Robinson & Robinson.
For defendant: Benjamin Cianciarulo.

William H. Vine
vs. Equity No. 1o467.
Beatrice Collins et als.

August 1, 1931.

CHURCHILL, J. Heard on bill, answer and proof.

This is a bill to reinstate the title of William H. Vine. He and Violet Vine, his wife, in her lifetime were joint tenants of certain real estate on which there was a mortgage of $1,300. The claim is that Violet Vine procured this mortgage to be foreclosed and that it was bought in at the foreclosure sale by Beatrice Collins, a sister of Violet Vine.

Violet Vine died July 25th, 1930, and this bill was brought in October, 1930, to set aside the sale under the mortgage and to have the mortgage deed set aside and declared null and void, and any deeds from Beatrice Collins to the other respondents, John H. Smith and Beatrice M. Gerlach, also set aside.

The complainant and Violet Vine were married in 1906. Mrs. Vine had two children from a previous marriage, John H. Smith and Beatrice M. Gerlach.

On July 11th, 1924, the property in question was purchased from John and Amelia Turcone and title was taken by William H. Vine and Violet Vine as joint tenants. $200 was paid at the time of the sale and $1,000 when the deed was delivered. A purchase price mortgage was given for $1,000. The property at the time of the sale was encumbered by a mortgage for $1,700. On July 11th, 1925, the second mortgage was paid and discharged. Later $400 was paid on the first mortgage.

In 1926 the complainant abandoned his wife and contributed nothing thereafter toward her support. The par-

ties were divorced on January 4th, 1929. After 1926 the complainant made no contribution in regard to interest, taxes, maintenance or upkeep of the property.

Some time prior to March 19th, 1930, Violet Vine gave Beatrice Collins $1,300, or thereabouts, with which to purchase the mortgage and that was done. It was then foreclosed by Beatrice Collins and bid in by her for the amount due on the mortgage. No notice other than that contained in the notice of sale was given the complainant and he did not know of the mortgage sale until after the death of Violet Vine.

The source of the payments made to purchase the property and to discharge the second mortgage, and the payments made on the first mortgage are in dispute. But it is not necessary to analyze the testimony on this point since the complainant admits in his brief and argument that the question as to whose money paid for the property is not material.

The Court finds as a fact that the $1,300 handed by Violet Vine to Beatrice Collins to obtain a transfer of the mortgage came entirely from the funds of Violet Vine.

It is clear that the bill can not be sustained as a bill to declare and enforce a resulting trust for the reason that the complainant can not and does not claim to be able to trace his money into the purchase of the mortgage or to show that any aliquot part of the title was paid for with his money.

The complainant seeks relief on the ground that "one joint tenant can not purchase or otherwise acquire for his own benefit an adverse or outstanding title against the joint estate."

It is clear that when Violet Vine with her own funds procured her sister to obtain a transfer of the mortgage from the holder, in equity she became the holder of such mortgage and that the foreclosure that was then brought about was a mere device to extinguish the title of the complainant. Beatrice Collins does not now claim any beneficial interest in the property.

Such a title so procured is not void but voidable as against the other co-tenant and the joint tenant so purchasing holds the title in trust for the other co-tenant.

Chase vs. Durfee, 16 R. I. 248;

Starkweather vs. Jenner, 216 U. S. 524, 30 Sup. Ct. Rep. 382.

And for a case very much in point see

Brennan vs. Hall, 29 N. E. 1009, (N. Y. 1892).

See also

Roll vs. Everitt, 71 Atl. 263, (N. J. Eq. 1908);

Hurley vs. Hurley, 148 Mass. 444, 19 N. E. 545.

The respondent argues that the mere relation of co-tenancy is not considered to be of such a confidential nature as to forbid the purchase by one co-tenant of the property at foreclosure for his own benefit.

As pointed out in the case of Starkweather vs. Jenner, 216 U. S. 524, cited by the respondent, this rule does not apply where the sale is the result of collusion, and this distinguishes cases cited by the respondent from the instant case.

It is evident that it was within the power of Violet Vine to have redeemed the mortgage. She saw fit, however, to suffer a default, and then procured the property to be bid in for her benefit. This brings the case within the rule of

Hurley vs. Hurley, 148 Mass. 444, 19 N. E. 545;

Brennan vs. Hall, 29 N. E. 1009, (N. Y. 1892);

Roll vs. Everitt, 71 Atl. 263, (N. J. Eq. 1908).

In such a case the purchaser holds the title in trust for the benefit of his co-owner if such co-owner shall elect to contribute his share of the expense.

The personal representative of Violet Vine was not made a party to the bill

and the bill does not make any offer, nor did the complainant testify that he was able and willing to reimburse the personal representative of Violet Vine for the expenditures thus made by her in redeeming the mortgage.

The rule is that the co-tenant must elect within a reasonable time to contribute his proportion to the outlay made in order to reinstate his title.

7 R. C. L. Page 862, Sec. 55.

The bill will not be dismissed at this stage. The complainant is given ten days in which to amend his bill by proper allegations and to add further necessary parties. If such amendment is not made within the time specified, a decree may be entered dismissing the bill.

For plaintiff: Archambault & Archambault.

For respondent: Daniel A. Colton.