## Thomas J. Clark *vs.* Samuel A. Wheelock.

If a tenant at will underlets and surrenders possession to his undertenant, notice to the latter of a subsequent written lease for years from the owner, and to quit forthwith, is sufficient to sustain an action brought against him twelve days afterwards by the lessee for years for possession of the premises.

Action on the Gen. Sts. *c.* 137, for possession of a dwelling-house and land in Cambridgeport.   Writ dated May 24, 1866. At the trial in the superior court, before *Vose*, J., without a jury, on appeal from the police court of Cambridge, the judge found these facts:

The plaintiff claimed under a written lease of the premises to him from John Leishman, their owner, dated May 1, 1866, for one year from that date.   For the four years preceding, Francis B. Kern had hired the premises from Leishman by an oral agreement; had paid rent to May 1, 1866; and at some time during the four years had underlet the premises, by an oral agreement, to the defendant, who on May 1 was in occupation of them.   After that date neither Kern nor the defendant paid to the plaintiff any rent.   On May 12 the plaintiff served on the defendant a written notice of his lease from Leishman, and to quit the premises forthwith; but no notice in any form was given to Kern.

On these facts the judge ordered judgment for the plaintiff and the defendant alleged exceptions.

*S. E. D. Currier*, for the defendant.

*S. Albee*, for the plaintiff.

GRAY, J.   Upon the view of this case most favorable to the defendant, his exceptions cannot be sustained.   As Kern was but a tenant at will, and his verbal lease and surrender of possession to Wheelock included all his interest in the premises, it would seem that his tenancy at will was at an end as soon as his transfer became known to his landlord, the : wner of the land, unless the latter saw fit to recognize Wheelock as his tenant. *Chandler* v. *Thurston*, 10 Pick. 209.   *Cooper* v. *Adams*, 6 Cush. 90, 91.   But if any tenancy at will existed after such transfer, either in Kern or Wheelock, it was terminated by the subsequent lease for years from the owner; and the utmost notice of this alienation which could be required to give it effect, and to authorize the maintenance of this process, would be a reasonable notice to the occupant of the estate to enable him to remove himself and his effects.   Kern having surrendered the occupation to Wheelock, notice to the latter would affect both him and Kern; and the twelve days allowed, after the written notice to Wheelock, before bringing this action, were more than sufficient.   *Pratt* v. *Farrar*, 10 Allen, 519, and cases cited.   *Alexander* v. *Carew*, 13 Allen, 70.                                        *Exceptions overruled.*