## CHARLES L. BORDEN *vs.* ALMERON SACKETT.

A landlord conveyed his interest in the demised premises to A., and A. conveyed to B.; B. reconveyed to the landlord, the conveyances being made at the same time and constitut‑ ing one transaction, and A. demanded the possession of the tenant, under the assign‑ ment. In an action by the landlord to recover possession for non‑payment of rent, it appeared that the tenant had had no notice of the reconveyance. *Held*, that the assign‑ ments effected no change in the title, and that the rights of the tenant were sufficiently guarded by an instruction that the landlord was not estopped by them from asserting his title unless the tenant was misled by the assignments and induced to do or omit some‑ thing to his prejudice.

A tenant's neglect to pay rent when due, though it has not been demanded, is a neglect to pay enabling the landlord to maintain an action under Gen. Sts. *c.* 137, for recovery of the possession.

A landlord can maintain an action under Gen. Sts. *c.* 137, for the recovery of possession for non‑payment of rent, although at the time the rent became due he was, and continued till the time of trial to be, indebted to the tenant in a greater sum than the amount of the rent due.

ACTION on the Gen. Sts. *c.* 137, to recover possession of certain premises in Fall River for the non‑payment of rent.

At the trial in the Superior Court, before *Pitman*, J., the plain‑ tiff testified that he was tenant at will of one James Anthony, the

owner of the premises, that he sub-let to the defendant; that there was an agreement between himself and the defendant that the defendant should pay the rent to Anthony monthly; that for three months previous to the service upon him of the notice to quit, the defendant had paid rent neither to the plaintiff nor to Anthony, but that he himself had paid to Anthony. He testified upon cross-examination that he had not called upon the defendant or given him any notice that he should require him to pay the rent to him, the plaintiff; that he had made an assignment of all of his interest in the premises to one Delos before the service of the notice to quit; that the assignment was recorded; that Delos entered upon the premises and demanded the possession of the defendant under the assignment, and told the defendant he should put him out; that the defendant called upon the plaintiff and told him about it, and the plaintiff said he would see about it; that he did see him, and there were no further proceedings by Delos; and that he, the plaintiff, was indebted to the defendant for board and borrowed money at time of the service of the notice to quit.

It appeared that at the same time that the plaintiff made the assignment to Delos, and as a part of the same transaction, Delos made an assignment to another person, and that person made an assignment to the plaintiff, and that these assignments were all made, executed and delivered at the same time.

The defendant testified that he had had no knowledge of a re-conveyance to plaintiff until the plaintiff testified to it at the trial; that he paid rent to one Peckham, Anthony's agent, except the rent due for the three months; that on these months he offered to pay him, but he said Anthony had not handed him the bills; that at the time of the service of notice upon him the plaintiff was indebted to him to an amount equal to or exceeding the rent for the months claimed to have been unpaid; that the plaintiff never had notified him to pay the rents to him, or informed him that the plaintiff was paying the rent to Anthony.

There was no evidence tending to show that the defendant refused or neglected to pay the rent in consequence of the demand by Delos, or that he did or did not change his position in consequence of that demand.

The defendant's counsel asked the court to instruct the jury, that the plaintiff must notify the defendant of any other way of paying rent than that agreed upon, before he could be holden liable in this action for the non-payment of the rent to the plaintiff, and that the plaintiff must show to the satisfaction of the jury that the defendant knew that Delos had made a re-conveyance to the plaintiff before the plaintiff could maintain the action.

The court refused to so instruct the jury, and instead thereof instructed them that the defendant must pay the rent either to the plaintiff or to Anthony without any notice to or demand upon him, and that the assignment by the plaintiff to Delos, under the circumstances, did not effect a change of title, and did not estop the plaintiff from maintaining the action, unless the jury were satisfied that the defendant was misled thereby and induced to do or omit something to his prejudice. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. M. Wood*, for the defendant.

*J. M. Morton, Jr.*, for the plaintiff.

DEVENS, J. It is well settled that the estate of a tenant at will is not assignable, and that if the tenant makes an actual grant of his estate, that terminates the tenancy. *Cooper* v. *Adams*, 6 Cush. 87, 90. *Clark* v. *Wheelock*, 99 Mass. 14. But the question whether the sub-letting by the plaintiff in this process, who was himself the tenant at will of James Anthony, amounted to an assignment of his interest and thereby terminated his tenancy, is not before us, as no such question was raised at the trial.

While the defendant was in occupation under his agreement with the plaintiff, the plaintiff made an assignment of all his interest in the premises to one Delos, who at the same time made an assignment thereof to a third person, and that person to the plaintiff, and the exceptions state that these conveyances were made at the same time and as a part of the same transaction. Under these circumstances, the possession of Delos was instantaneous only, he was a mere conduit for passing the title and there was nothing on this part of the case for the jury *Haynes* v. *Jones*, 5 Met. 292. *Webster* v. *Campbell*, 1 Allen

313. It is probable that this transfer was made with the inten-tion of inducing the defendant to believe that Delos was actually entitled under the assignment to the rent, as defendant was in-formed by Delos of the transfer to him ; but the instruction of the judge that the assignment by the plaintiff to Delos under the circumstances stated did not effect a change of title, and did not estop the plaintiff from maintaining the action, was correct, and he sufficiently guarded the rights of the defendant by adding, " unless the jury were satisfied that the defendant was misled thereby and induced to do or omit something to his prejudice."

By the arrangement between the plaintiff and defendant, the defendant was to pay the rent to Anthony ; and it was on the ground that he had neglected to pay the rent to Anthony for some three months, and that the plaintiff had been compelled to pay the same for those months, that this process, after notice to quit for non-payment of rent, was brought; and the jury were properly instructed " that the defendant must pay the rent either to Anthony or the plaintiff without any notice or demand by the plaintiff on the defendant." It is the duty of the party, from whom rent is due, to pay the same without demand on the day, and his failure to do so is a neglect which, under Gen. Sts. *c.* 137, will enable the landlord to terminate the tenancy by fourteen days' notice to quit. *Kimball* v. *Rowland,* 6 Gray, 224. It could not be contended that he had tendered payment to Anthony be-cause he had offered, on each of these months, to pay the rents to one Peckham, who had previously been an agent of Anthony, and was then informed by Peckham that Anthony had not handed him the bills for these months.

Nor could the fact that the plaintiff was indebted to the de-fendant on another account make any difference. By the agree-ment the rent was to be paid to Anthony ; but apart from this, as between plaintiff and defendant, such indebtedness on the part of the plaintiff would not operate as a payment of the defendant's lia-bility. A debtor has not paid the claim of his creditor, even if he holds a claim of an amount equal to that of his creditor, although it may be one which might be used in set-off.

*Exceptions overruled.*