GEORGE H. BROWN and another *vs.* HENRY C. BRACKETT.

December 4, 1879.

**Landlord and Tenant—Proceedings for Restitution.**—Proceedings for restitution under Gen. St. 1878, *c.* 84, cannot be maintained against a tenant who has been in possession of the premises more than three years, under a lease, his term not having ended.

Proceeding in the municipal court of Minneapolis, under Gen. St. *c.* 84, § 11, to recover possession of certain premises in that city. The complaint (which was filed May 17, 1879,) alleges that on April 1, 1874, by indenture of lease, which was duly recorded, one Holmes demised the premises described therein to one Hanscom, for the term of 15 years, at the yearly rent of $3,000, payable quarterly in advance. That Hanscom entered, and occupied the premises under the lease until April 8, 1876, when, by written lease duly executed and recorded, he sublet them to the defendant for the term of five years from that date. That defendant at once took possession under his sublease, and has ever since occupied and now occupies them. That on April 12, 1879, Holmes, the lessor, by instrument duly executed and recorded, assigned the lease to the plaintiffs, who, prior to May 1, 1879, notified defendant thereof. That by the terms of the lease the rent for the quarter beginning May 1, 1879, became due on that day, and the same was duly demanded by plaintiffs but not paid. Judgment of restitution is demanded. A demurrer to the complaint was overruled, and the defendant appealed.

*C. J. Bartleson*, for appellant.

*Geo. H. Spry*, for respondent.

GILFILLAN, C. J. Gen. St. 1878, *c.* 84, § 12, entitled "Forcible Entries and Unlawful Detainers," reads: "No restitution shall be made, under the provisions of this chapter, of any lands or tenements of which the party complained of, or his ancestors, or those under whom he holds the premises, have

been in the quiet possession for three years next before the entering of the complaint, unless his estate therein is ended."

It is contended by the plaintiffs that the quiet possession for three years, here referred to, means a possession adverse to the title of the party seeking restitution, and that, consequently, the section does not apply to the proceedings provided for in section 11 of the chapter, by a landlord against a tenant, for restitution for non-payment of rent.

Prior to 1866, section 13, for which section 12 was, in the revision of that year, substituted, read: "The preceding section shall not extend to any person who has or shall have continued in possession three years after the termination of the time for which the premises were demised or let to him or her, or those under whom he or she claims, or after the sale thereof, as aforesaid, or to any person who continues in possession three years quietly and peaceably by disseizin, anything contained in this chapter to the contrary notwithstanding." Pub. St. c. 77, § 13.

Why the change in the law was made, by the substitution of section 12, in the revision of 1866, for section 13 in the statute prior to that time, is not apparent; but the intention to change the law is unmistakable. It stood, up to that time, just as the plaintiffs claim it is now, and the legislature saw fit to change it. There is no rule of construction by which we can hold the new section to mean the same as the old one for which it was substituted. It could be done only by inserting or implying in it language which was rejected by the substitution.

Order reversed.