JEREMIAH HART *vs.* HARRIET E. BOUTON.

Hampden. September 23, 1890. — October 27, 1890.

Present: FIELD, C. J., DEVENS, W. ALLEN, C. ALLEN, & KNOWLTON, JJ.

*Landlord and Tenant — Summary Process — " Possession " — Notice to quit.*

A lessee under an undisclosed written lease entered into a partnership to carry on a business upon the leased premises, and the rent was paid to the owner out of the partnership funds. His copartner bought out the lessee and succeeded to the possession of the premises, and in turn sold the business and transferred the possession to his wife. The lessee, having paid the next instalment of rent to the owner, thereupon gave the wife notice to quit, and three days later brought an action against her on the Pub. Sts. c. 175, to recover possession of the premises. *Held,* that the defendant was a person holding under a lessee, within the meaning of the Pub. Sts. c. 175, § 1, and that the plaintiff was the "person entitled to the premises," within the meaning of the statute, and could maintain the action; and that the notice to quit was sufficient.

ACTION on the Pub. Sts. c. 175, to recover possession of certain premises in Holyoke. Writ dated August 3, 1889. The case was submitted to the Superior Court, and, after judgment for the plaintiff, to this court, on appeal, on agreed facts, in substance as follows.

The plaintiff was given a good and sufficient lease in writing of the premises in question by one Whitcomb, the owner thereof, for the term of one year, from November 20, 1888. On January 14, 1889, the plaintiff and Henry C. Bouton, husband of the defendant, entered into copartnership to carry on the business of manufacturing files, etc. on the premises, but the lease was not made a part of the partnership property. Bouton, as financial manager of the firm, thereafter paid to Whitcomb with partnership funds the bills for the rent of the premises in controversy as they were rendered on the first of

each month, made out to the "Holyoke File Company." On
July 20, 1889, the copartnership was ended by the sale of the
plaintiff's interest in the property of the firm to Bouton, subject
to a mortgage thereon, the payment of which was assumed by
Bouton. On July 22, the plaintiff formally delivered possession
of the partnership property to Bouton, giving up to him his pri-
vate keys to drawers, desks, etc. On the same day Bouton trans-
ferred the property to the defendant, who at once filed a married
woman's certificate, and appointed her husband her agent to
conduct the business, which was continued at the same place.
On July 25, the plaintiff delivered to Bouton the mortgage on
the property, duly discharged, and was paid the amount due
thereon. The plaintiff then said to Bouton, "Now I want you
to get out of here to-morrow," and in the course of further con-
versation informed Bouton that Whitcomb had given him the
lease of the premises. This was the first notice that the de-
fendant and her husband had of the existence of the lease.
Notice to quit in the usual form was served on Bouton on the
same day, and again on the defendant, July 31, 1889. On
August 1, 1889, the plaintiff paid the rent of the premises for
the month of July preceding. The defendant was occupying
the premises when this action was brought.

A. L. Green, for the plaintiff.

R. O. Dwight, for the defendant.

C. ALLEN, J. There being no evidence of a forcible entry
and detainer, it was necessary for the plaintiff to show, in the
first place, that the defendant was "a person holding under such
lessee" of the premises, within the meaning of the Pub. Sts.
c. 175, § 1. It has recently been held that there must have
been an actual demise of the premises, and that one who is
merely in possession under a contract of purchase is not sub-
ject to the summary statutory process for ejection. *Kiernan* v.
*Linnehan*, 151 Mass. 543.

In the present case, the firm consisting of Hart and Bouton,
under the name of the "Holyoke File Company," appear to
have occupied the premises for several months as tenants at will
to the owner, by the assent of Hart, who held an undisclosed
lease from the owner. The bills for rent were made out to the
firm, and were paid with partnership funds; and the firm, that

is to say, Bouton, who was the financial manager, did not know of the existence of the lease. The partnership was clearly a tenant of somebody; it was not a subtenant of Hart, who held the lease, because his title was unknown, and no rent was paid to him, and by common consent, so far as the firm was concerned, the owner of the premises was treated as its landlord. By express or tacit understanding between the owner and Hart, or without any such understanding, the lease was not brought forward for the time being, and was not treated as if in existence.

Under this state of things, and before the expiration of the lease according to its terms, the partnership ended. Hart's interest in the property of the firm was sold by him to Bouton, and possession was formally delivered. This, as we construe the agreed statement of facts, carried with it the actual possession of the premises. Now of course a tenant at will has no legal right to transfer the premises to another person. The relation of such a tenant to his landlord is merely personal, and a formal transfer by him gives no rights to the assignee, and the owner of the premises may treat the assignee as a trespasser; *Coughlin* v. *Gray*, 131 Mass. 56; or he may maintain the statutory summary process to recover possession. *King* v. *Lawson*, 98 Mass. 309. *Clark* v. *Wheelock*, 99 Mass. 14. In the present case, there was no formal underletting of the premises, or conveyance thereof of any kind, written or oral, by the firm, to Bouton, but this makes no essential difference. He did not enter the premises forcibly, or as an intentional trespasser, but as the successor of the firm, and we think he must be regarded as a person who held under the firm.

On the same day when he took possession of the property and premises, Bouton transferred the property to his wife, who at once filed a married woman's certificate, and appointed her husband her agent to conduct the business, which was continued at the same place. Here again, as we construe the agreed statement of facts, she took the actual possession of the premises with the property, and although her husband had no legal right to give her the possession, and although she gained no possession which she could assert against the owner, yet for the time being she was in the actual possession of the premises, and must be regarded as a person who held under her husband.

This being so, her possession is to be treated as held under the firm, which was a tenant at will. It is enough to bring her within the meaning of the statute, that her possession was held derivatively under a lessee or tenant at will, no matter how many times removed, and that she held over without right. It was declared in *Howard* v. *Merriam*, 5 Cush. 563, 567, that the statute extends to every species of lease or demise, whether for life, for years, or at will, by lease or by parol, and to every species of assignee or subtenant. And in *Hildreth* v. *Conant*, 10 Met. 298, 302, the court said : "It is sufficient that his possession commenced in the character of lessee, or is held under one whose possession did so commence, and that he holds over without right, against anybody entitled to possession."

If, then, the defendant is a person against whom this process may be maintained, there can be no doubt that the plaintiff is the proper person to bring it, he being, in the language of the statute, "the person entitled to the premises." As between the plaintiff and the owner of the premises, it appears that the lease was treated as in force by the payment of rent by the plaintiff. It is entirely plain that the execution of a subsequent lease would enable the lessee to maintain this process. *Casey* v. *King*, 98 Mass. 503. *Clark* v. *Wheelock*, 99 Mass. 14. But it makes no difference to the defendant that the lease was executed previously. The only question in which she is interested is, Who is entitled to the premises? The statute gives to the person entitled to the premises the right to maintain this process for the recovery of possession. When the firm ceased to exist, and gave up possession of the premises, the plaintiff became legally entitled to the possession under his lease, unless something had happened as between him and the owner to cut him off from that right. Nothing of the kind appears to have happened ; on the other hand, the plaintiff paid the rent for the preceding month, before bringing this process. This payment is to be referred to the covenant of the lease, and shows that the lease was then treated as in force by the owner and the plaintiff, there being no fact and no suggestion to the contrary.

The notice to quit, three days before the process was brought, was sufficient.                  *Judgment for the plaintiff affirmed.*