ANTHONY SUCHANECK *vs.* EUGENE C. SMITH.

December 4, 1890.

**Landlord and Tenant — Eviction under Unlawful-Detainer Act.—** Since the amendment (Laws 1881, Ex. Sess. *c.* 9) to Gen. St. 1878, *c.* 84, § 12, proceedings against a tenant for restitution of leased premises may be maintained, upon a proper case made under section 11, at any time during the pendency of the lease, and for three years after the expiration of the leasehold estate.

**Same—Eviction for Non-Payment of Rent.—** The statute gives the right to restitution against a tenant holding over after default in the payment of rent in any case, whether the lease contains a re-entry clause or not.

**Same—Complaint—Title to Real Estate not Involved.—** The complaint under that chapter for restitution against a tenant holding over does not raise a question involving the title to real estate.

Appeal by defendant from a judgment of the municipal court of Minneapolis.

*Albee Smith*, for appellant.

*E. Bloom*, for respondents.

VANDERBURGH, J. The plaintiff, by lease in writing, demised the premises described in the complaint to the defendant for the term of five years from May 1, 1886, at a stipulated rental, and defendant, at the date thereof, entered into possession under the lease. Subsequently the defendant made default in the payment of rent overdue, and also in the payment of taxes which, by the terms of the lease, he was bound to pay. After notice duly served, plaintiff demanded possession of the premises, which being refused, he brought this action in the municipal court of Minneapolis, under Gen. St. 1878, *c.* 84, § 11. The only question here presented is whether the action is authorized under the limitation upon that section contained in section 12, as amended. (Laws 1881, Ex. Sess. *c.* 9.) It will be observed that, prior to the amendment, section 12 read: "No restitution shall be made, under the provisions of this chapter, of any lands or tenements of which the party complained of, or his ancestors, or those under whom he holds the premises, have been in the quiet pos-

session for three years next before the entering of the complaint, *unless his estate therein is ended.*" The amendment consists in striking out the clause italicized, and in inserting in lieu thereof the words, "after the determination of the leasehold estate that he may have had therein." This amendment was doubtless made in view of the decision in *Brown* v. *Brackett,* 26 Minn. 292, (3 N. W. Rep. 705,) construing the section as it stood before the late amendment. The meaning of the statute as amended is sufficiently clear. As respects restitution of leasehold premises, section 12, as amended, is a limitation upon section 11 to this extent only: It shall not be made where the tenant has held quiet possession for more than three years after the determination of the leasehold estate. It is not applicable to the facts of this case, and the action was well brought.

The complaint, being an ordinary action, under the statute, to obtain restitution of the possession, does not show that title to real estate will be brought in question, and it is not raised by answer.

The statute (section 11) gives the action and right to restitution as against the tenant holding over after default in the payment of rent in any case, whether the lease contains a forfeiture or re-entry clause or not. *Woodcock* v. *Carlson,* 41 Minn. 542, 546, (43 N. W. Rep. 479.)

Judgment affirmed.