**PRIORDALE MALL INVESTORS, Appellant,**

v.

**Donald FARRINGTON, individually and d.b.a. Cottage Cleaners and Laundry, et al., Respondents.**

**No. C4–86–192.**

Court of Appeals of Minnesota.

July 22, 1986.

Review Denied Sept. 24, 1986.

Louis W. Brenner, David J. Meyers, Brenner, Workinger & Thompson, Minneapolis, for appellant.

Thomas B. Olson, Olson, Usset, Rothnem & Weingarden, Minneapolis, for respondents.

Heard, considered and decided by POPOVICH, C.J., and PARKER and CRIPPEN, JJ.

1. *See* Minn.R.Civ.App.P. 110.03.

## OPINION

PARKER, Judge.

Priordale Mall Investors (Priordale), a limited partnership, appeals from a judgment dismissing its unlawful detainer action against respondent Donald Farrington. We reverse and remand.

## FACTS

According to the trial court's approved statement of proceedings,[1] Priordale is the owner of Priordale Mall, a shopping center in Scott County, having purchased the property in the fall of 1984. Priordale leased space to Donald Farrington pursuant to lease and sublease agreements. Farrington has been in possession of the leased premises since early 1979 through a sublease with the Mall's former owners.

In December 1985 Priordale commenced this unlawful detainer action against Farrington, alleging breaches of the lease provisions. After a hearing, the trial court ordered the action dismissed on the ground that Minn.Stat. § 566.04 (1984) prevents unlawful detainer proceedings against a tenant who has been in possession of the property for three years prior to commencement of the action.

Judgment was not entered on this order, and Priordale subsequently moved the trial court to "reverse" its previous order and allow Priordale to amend its complaint to allege nonpayment of rent as grounds for the action. The trial court denied both motions, and a judgment dismissing the action was entered.

## ISSUE

Does Minn.Stat. § 566.04 preclude a landlord from bringing an unlawful detainer action against a tenant who has been in possession of the leased premises for more than three years?

## DISCUSSION

Minn.Stat. § 566.04 (1984) provides:

No restitution shall be made under this chapter of any lands or tenements of which the party complained of, or his ancestors, or those under whom he holds the premises, have been in quiet possession for three years next before the filing of the complaint, *after the determination of the leasehold estate that he may have had therein.*

*Id.* (emphasis added). In *Suchaneck v. Smith,* 45 Minn. 26, 47 N.W. 397 (1890), and *Alworth v. Gordon,* 81 Minn. 445, 84 N.W. 454 (1900), the supreme court held that the statute simply prohibited unlawful detainer proceedings which were commenced more than three years after the expiration of the tenant's leasehold estate. *Alworth,* 81 Minn. at 453, 84 N.W. at 457.

The supreme court did not address its interpretation of § 566.04 again until 1978. In *Berg v. Wiley,* 264 N.W.2d 145 (Minn. 1978), an action for wrongful eviction, the supreme court held that the only lawful means for a landlord to dispossess a tenant is by resort to judicial process such as an action under chapter 566. A footnote in the opinion contains the following language:

> We are mindful that by § 566.04 the summary remedy of §§ 566.02 to 566.17 is made unavailable against any tenant having been "in quiet possession for three years next before the filing of the complaint * * *." This reflects an appropriate policy choice by the legislature to require full litigation of the right to possession in a common-law ejectment action before judicially ousting a tenant of such long tenure. Our holding, disallowing self-help in such cases as well, is consistent with the legislative policy protecting the long-term tenant.

*Id.* at 151 n. 8. This footnote seems to state that § 566.04 prohibits unlawful detainer actions against a tenant who has been in possession of the premises for three years prior to the filing of the complaint. Such a rule conflicts with the holdings of *Suchaneck* and *Alworth.*

Priordale urges that the footnote is simply dicta which may be ignored. While we agree that the *Berg* footnote is not essential to the court's holding, such dicta, "if it contains an expression of the opinion of the court, is entitled to considerable weight." *In Re Estate of Bush,* 302 Minn. 188, 207, 224 N.W.2d 489, 501 (1974).

We are convinced, however, that the supreme court did not intend the *Berg* footnote to change the rule of *Suchaneck* and *Alworth.* Neither of these cases was cited in the footnote or anywhere else in the *Berg* opinion. The quotation of § 566.04 found in the footnote also omits the statutory language emphasized above, which formed the basis for the construction found in *Suchaneck* and *Alworth.*

More importantly, however, the legislative history of § 566.04 compels the conclusion that the supreme court in *Berg* did not intend to reverse the rule of *Suchaneck* and *Alworth.* In *Brown v. Brackett,* 26 Minn. 292, 3 N.W. 705 (1879), the supreme court construed the statute to mean that unlawful detainer actions could not be commenced against a tenant who was in possession of the leased premises for more than three years, which is the rule the *Berg* footnote seems to approve. At its next session, the legislature amended the statute to require that actions for restitution be commenced within three years "after the determination of the leasehold estate * * *." *See* 1881 Minn.Laws Ex.Sess. ch. 9, § 2.

The supreme court in *Suchaneck* recognized that this "amendment was doubtless made in view of the decision in *Brown v. Brackett,* [cite omitted], construing the section as it stood before the late amendment." *Suchaneck,* 45 Minn. at 27, 47 N.W. at 397. Thus, the construction of § 566.04 implied in *Berg* "was the rule before the section was amended [in 1881] * * * but it is not now the law." *Alworth,* 81 Minn. at 453, 84 N.W. at 457. The language of the statute has remained unchanged since 1881, and the legislature has never indicated that the interpretation of § 566.04 found in *Suchaneck* and *Alworth* was incorrect. We are certain that the supreme court did not intend to return to a

construction of the statute which was expressly rejected by the legislature in 1881. The *Berg* footnote, therefore, does not overrule *Suchaneck* and *Alworth*, and § 566.04 does not prohibit Priordale's action.[2]

Priordale also moved the trial court for an order permitting it to amend its complaint to include allegations of nonpayment of rent. The record indicates that the trial court denied this motion simply as a result of its determination that § 566.04 prohibits an unlawful detainer action under these circumstances. On remand, the trial court may consider the merits of Priordale's motion in accordance with the principles governing amendments of pleadings. *See McDonald v. Stonebraker,* 255 N.W.2d 827, 830 (Minn.1977).

### DECISION

The judgment dismissing Priordale's unlawful detainer action is reversed. On remand the trial court will consider the merits of Priordale's motion to amend its complaint.

Reversed and remanded.

POPOVICH, C.J., dissents.

POPOVICH, Chief Judge (dissenting).

I respectfully dissent for the following reasons:

1. I believe the supreme court in its latest interpretation of Minn.Stat. § 566.04, in *Berg v. Wiley,* 264 N.W.2d 145 (Minn. 1978), must be followed. There the supreme court said:

> We are mindful that by § 566.04 the summary remedy of §§ 566.02 to 566.17 is made unavailable against any tenant having been "in quiet possession for three years next before the filing of the complaint * * *." This reflects an appropriate policy choice by the legislature to require full litigation of the right to

possession in a common-law ejectment action before judicially ousting a tenant of such long tenure. Our holding, disallowing self-help in such cases as well, is consistent with the legislative policy protecting the long-term tenant.

*Id.* at 151 n. 8.

2. The majority's speculation what the supreme court did not intend by not citing *Suchaneck* and *Alworth* is just that—simple speculation. The latest pronouncements of the supreme court should not be lightly disregarded. The *Wiley* footnote is not an offhand comment by the supreme court, but indicates it felt the unavailability of an unlawful detainer action against a long-term tenant is an appropriate policy choice requiring full litigation of the right to possession.

3. Perhaps if a petition for review is filed the supreme court can indicate itself what it intended. Until then, I feel we are constrained to always apply the latest rulings on a subject matter made by the supreme court.

---

2. The trial court also felt that a common law action for ejectment was the only appropriate way to resolve the "complex lease arrangement" in this case. Minn.Stat. § 566.03, subd. 1 (1984), permits an unlawful detainer action "[w]hen any person holds over lands or tene-

ments * * * contrary to the conditions or covenants of the lease or agreement under which he holds * * *." *Id.* This is what Priordale has alleged in its complaint, and it may therefore avail itself of the unlawful detainer remedy if it so chooses.